LIVERPOOL & LONDON & GLOBE INSURANCE COMPANY v. J. E. NATIONS.

Decided December 12, 1900.

**1. Insurance—Ownership by Insured—Conditional Sale.**

Possession of property by insured was prima facie evidence of title and sufficient to support a recovery upon a policy conditioned on his sole and unconditional ownership, where the evidence (for which see statement) is uncertain as to whether the sale of it to insured was conditional or absolute.

**2. Insurance—Ownership—Property of Others on the Premises.**

A policy describing the insured property as "household and kitchen furniture * * * contained in above building," with stipulation making it void in case of the untruth of its warranties, which included one that insured was the absolute owner of the insured property, covered only the property of insured situated in the building, and was not rendered void by the fact that some property of a third person was also there.

ERROR to the County Court of Falls. Tried below before Hon. W. E. HUNNICUTT.

T. J. Kempner testified: "The furniture was paid for in cash, or she was to pay $25 per month for the house and furniture for twelve months and the furniture was to be hers. I sold her the furniture. I had no writing to that effect; there was no writing in evidence of my reversion of title in this property that I sold her. I did sell it to her with the understanding that she was to pay $5 per month for twelve months, when the property was to be hers, if you call that a sale. If she failed to pay the monthly installment of $25 per month the property was to revert back to me. She was to pay monthly in advance."

Mrs. Nations testified: "When I leased the house from Mr. Kempner, I was to pay him either $50 cash for the property he turned over to me and pay him $20 a month rent, or he said I could pay him $25 per month in advance for the house; at the end of twelve months the things would be mine. I accepted the proposition to pay him $25 per month. That was $5 for the furniture and $20 for the house. I did pay him $25 per month for the house and furniture as long as I was there."

*Alexander & Thompson* and *Sam. J. Hogsett,* for plaintiff in error.— When a contract is on its face clear and explicit, evidence of custom which would change it is misleading and inadmissible.

The policy, or contract of insurance, provided in clear and explicit terms that the company would not be liable by virtue of the policy until the premium therefor be actually paid. W. H. Patrick was permitted to testify that the custom at Marlin was that policies of insurance were issued and premiums credited regardless of the course of dealing theretofore between the parties, and regardless of whether the solvency of the insured was known beyond doubt or not. Harrell v. Zimpleman, 66 Texas, 292; Barnard v. Kellog, 10 Wall., 390; Collender v. Dinsmore, 55 N. Y., 208; 2 Pars. on Con., sec. 9, pp. 546, 547; Chase v. Washburn, 59 Am. Dec., 629; Walls v. Bailey, 10 Am. Rep., 407.

Evidence of custom is inadmissible unless it is shown that it is such

a general, certain, and well established custom that every one dealing in that trade is presumed to know it; and that it was known by both contracting parties and that they contracted in reference thereto. 2 Pars. on Con., sec. 9, p. 541; Wooters v. Kauffman, 67 Texas, 494; Railway v. Fagan, 72 Texas, 127; Walls v. Bailey, 49 N. Y., 464; Insurance Co. v. Harmer, 59 Am. Dec., 687; Bank v. Sprague, 52 N. Y., 605; Bank v. Logan, 74 N. Y., 568; Bradley v. Wheeler, 44 N. Y., 500; Higgins v. Moore, 34 N. Y., 425; Barnard v. Kellog, 10 Wall., 383.

*W. A. Patrick* and *Z. I. Harlan,* for defendant in error.—We do not believe that there was any error in admitting the testimony complained of under this assignment in the first place, but if there was, the case was tried before the court without a jury, and there is sufficient competent evidence to warrant the finding that the general agent of defendant waived the prepayment of this particular premium and extended credit to insured for it, and the erroneous admission of this evidence, if erroneous at all, is not cause for reversal.

KEY, ASSOCIATE JUSTICE.—This is a suit on a fire insurance policy. The plaintiff was successful in the County Court, and the defendant has brought this case to this court by writ of error.

It is contended that the proof fails to show a contract of insurance. We think the evidence will support a finding that J. F. Grubbs was the company's agent with authority to issue and deliver the policy without the payment in advance of the premium, and that he did so and bound the company by the contract.

We are also of the opinion that evidence was submitted that will support a finding that the plaintiff was the absolute owner of all the property covered by the policy. His possession was prima facie evidence of title; and while there is some ambiguity in the testimony as to how the Kempner property was acquired, we are not prepared to say that the proof shows a conditional and not an absolute sale.

The policy describes the property insured as "household and kitchen furniture  *  *  *  contained in above building." Besides the furniture belonging to the plaintiff, there was a stove and some other articles in the building belonging to one Anderson; and it is contended that this was a part of the property insured, and, as it did not belong to the plaintiff, the policy is void because he warranted his ownership of the property insured. The policy does not purport to cover all the household and kitchen furniture in the building, and the plaintiff is not seeking to recover for the loss of Anderson's furniture. The contract was not intended to apply to any furniture in the building except the plaintiff's, and is not subject to the objection urged against it.

We have considered the points made against the court's ruling as to the admissibility of certain evidence, but do not think reversible error is shown.

*Affirmed.*