### SILSBEE STATE BANK v. FRENCH MARKET GROCERY CO.

(Court of Civil Appeals of Texas. Nov. 27, 1909. On Motion for Rehearing, Jan. 5, 1911.)

1. GARNISHMENT (§ 162*)—PROCEEDINGS TO ENFORCE — ANSWER OF GARNISHEE — CONCLUSIVENESS—BURDEN OF PROOF.

Where a garnishee answered denying any indebtedness, and the creditor replied under oath controverting the garnishee's answer, the burden is upon the creditor to show that the garnishee was indebted at the time of service of writ.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 300; Dec. Dig. § 162.*]

2. GARNISHMENT (§ 162*)—PROPERTY SUBJECT TO GARNISHMENT—BURDEN OF PROOF.

Though a garnishing creditor of a depositor depositing in a bank to his credit, followed by the word "agent," can only reach the fund if the depositor is the true owner, where the depositor is in control of the fund he is presumed to be the owner, and, in the absence of anything disclosing a principal, the creditor is entitled to a judgment against the bank.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 300; Dec. Dig. § 162.*]

Appeal from Jefferson County Court; Jas. H. Harrison, Judge.

Garnishment proceedings by the French Market Grocery Company, a judgment creditor of Ray Miller, against the Silsbee State Bank. From a judgment of the county court against the garnishee, it appeals. This court certified a question to the Supreme Court. 132 S. W. 465. On answer to the certified question, the judgment of the county court is affirmed.

E. E. Easterling and J. D. Martin, for appellant. Blain & Howth, for appellee.

REESE, J. The garnishee having answered, fully denying any indebtedness to Ray Miller, the judgment debtor, and the creditor having replied, under oath, controverting the garnishee's answer, the burden was upon the creditor to show that the garnishee was indebted to the defendant at the time of service of the writ. Ellison v. Tuttle, 26 Tex. 283; East Line R. R. Co. v. Terry, 50 Tex. 134. Prima facie the money deposited in the Silsbee bank in the name of Ray Miller, agent, did not belong to him individually, but was held by him for some one else, and so not subject to garnishment for Miller's debt. National Bank v. Insurance Co., 104 U. S. 54, 26 L. Ed. 693; Bank v. Jones, 42 Pa. 536; Bank v. Reilley, 124 Ill. 464, 14 N. E. 657; Munnerlyn v. Bank, 88 Ga. 333, 14 S. E. 554, 30 Am. St. Rep. 159; 2 Wade, Att. §§ 416–428. To meet this burden of proof appellee proved only the fact of deposit in the name of Ray Miller, agent, and that the money had been drawn out after the service of the writ of garnishment on the bank. This did not, to any extent, rebut the prima facie case that the money belonged to Miller as agent, and, if so, was not subject to garnishment for his debt.

Before reaching the fund appellee should show that the money belonged to Miller, and the bank had notice of this fact, before paying it out, or had notice of such facts as would have put a reasonably prudent person on inquiry, which, if pursued with ordinary diligence, would have led to the knowledge of the facts. Any circumstance of suspicion attaching to the manner of the deposit and the prompt withdrawal after the service of the garnishment, knowledge of Miller's embarrassed financial condition, etc., would be admissible as circumstances on the issue of notice to the bank.

The judgment is reversed and the cause remanded.

Reversed and remanded.

#### On Motion for Rehearing.

Upon the original hearing of this appeal the judgment of the county court was reversed and the cause remanded. Upon motion for rehearing, being in doubt as to the correctness of our conclusion, the question involved was certified to the Supreme Court. By the answer to the certified question, we are advised that our former conclusion upon this question was erroneous. The opinion of the Supreme Court disposes of the

only question involved, and the judgment of the trial court is affirmed. The opinion of the Supreme Court states the case fully. Granted.