## COMMERCIAL STANDARD INS. CO. v. E. P. McKNIGHT CHEVROLET CO.

### No. 2126.

Court of Civil Appeals of Texas. Beaumont.
Nov. 5, 1931.

Rehearing Denied Nov. 25, 1931.

W. Porter Bondies, of Dallas, Adams & McAlister, of Nacogdoches, and Barnes & Barnes, of Beaumont, for appellant.

J. J. Collins, of Lufkin, and A. T. Russell, of Nacogdoches, for appellee.

WALKER, J.

This was a suit by appellee against appellant upon a policy of fire insurance. In its original petition, appellee, E. P. McKnight Chevrolet Company, alleged that it and appellant, Commercial Standard Insurance Company, were each private corporations. For cause of action it alleged that on or about the 8th day of August, 1929, appellant issued to it a policy of fire insurance in the sum of $10,000 covering certain automobiles, insuring them against loss by fire, the policy stipulating that, in the event of a fire, if the parties were unable to agree on the amount of damages, they should appoint a board of appraisers, and that its findings should be binding upon both parties; on the 10th day of November, 1929, while the policy was in force, appellee's automobiles covered by this policy of insurance were destroyed by fire; after the loss, plaintiff gave due notice thereof to appellant in writing, and, within sixty days, furnished appellant proof of loss in writing; appellant and appellee were unable to agree upon the amount of the damages, and in writ-

ing appointed appraisers to estimate the loss; said appraisers discharged the duties imposed upon them by appellant and appellee and duly appraised, estimated, and determined the amount of the loss and filed with said parties a report of their appraisement, fixing appellee's damages at the sum of $7,242. The prayer was for judgment for the amount of damages fixed by the appraisers.

Appellant answered admitting that the appraisers were duly appointed, that they duly qualified as such, and met and appraised the automobiles and delivered to each party a copy of the appraisement, but, because the appraisement had not been filed with the clerk of the district court, it prayed that appellee's suit be dismissed. Appellant further answered by general demurrer, general denial, and specially that appellee breached certain warranties of the policy, and, further, that appellee set fire to and burned its automobiles for the purpose of collecting the insurance. The trial was to a jury with verdict instructed in favor of appellee. Judgment was accordingly entered, from which appellant has duly prosecuted its appeal to this court.

## Opinion.

Appellant's first two propositions are to the effect that the court erred in overruling its motion for continuance, which was, in substance, as follows: Adams & McAlister of Nacogdoches were attorneys for appellant, but only to assist the Hon. W. Porter Bondies of Dallas in the trial; Bondies was leading counsel and had prepared the case for trial and knew all the details of appellant's defense, and by their employment Adams & McAlister were only to assist him in the trial of the case, the selection of the jury, etc.; Adams & McAlister were not acquainted with the facts of the case and were not prepared to try the case in the absence of W. Porter Bondies, leading counsel; W. Porter Bondies had with him at Dallas all the record in the case, "that said Bondies has all of the policies, receipts, proof of loss and other necessary instruments as had been requested by the plaintiff to be produced"; that he also had certain evidentiary papers relating to the cancellation of a former policy issued to appellant showing breach of certain warranties in the policy in controversy, but the nature of this documentary evidence was not disclosed by the motion; Bondies had with him at Dallas the report of investigation of appellant's witnesses by whom appellant intended to show that the fire was fraudulently caused by appellee. It was recited in the motion that appellant expected to show by the witness Campbell "that the fire as consumed the property was put out and that it was a scheme to burn the property for the insurance," but the motion did not disclose the details of the testimony of this witness on this issue; "that this case was set at a former day

of the term for this day and that on the second day of October the case of John Morgan v. the State, a criminal case, was called for trial and Adams & McAlister were counsel for the defendant, and after writing a motion to continue on account of the absence of several witnesses and after presenting the same to the Court, the defendant's attorney S. M. Adams, in this cause, was of the opinion that the motion had been overruled and that the State and defendant had been put to trial in the Morgan Case, as aforesaid, and that while in the office after the overruling of the defendant's motion for continuance in the Morgan Case, the defendant's attorney, W. Porter Bondies, called the office of Adams & McAlister and was informed that the case of the State of Texas v. John Morgan, had gone to trial and that there was no need for him to come, as the case of State v. Morgan, would consume the balance of the week and that at the time of making this statement the defendant's attorney, S. M. Adams, believed that the motion had been overruled and that the case had gone to trial, and believed so at the time of telling said Bondies not to come, in that he was preparing then to leave and come to Nacogdoches for the trial; that on notifying said Bondies of the criminal case going to trial and consuming the balance of the week, stated that he would get in touch with the witnesses when he had been informed of the resetting and have them present, and that defendant's counsel, Adams & McAlister, made this statement to said Bondies believing that they were then in trial of the Morgan Case, and that it would work and make manifest a hardship on the defendant on account of the action of said Adams & McAlister in notifying the said Bondies not to come, in that it was the understanding that he was to notify the witnesses not to come, and that none of them are present and that it is supposed that said Bondies did notify and inform the witnesses to wait until another day to come to Nacogdoches, as the defendant cannot say through Adams & McAlister if he did or did not, but that they verily believe that after being told that the criminal case was in trial and would consume the balance of the week, that he did so notify the witnesses, as they are not present."

The motion also stated that George Grimes and O. H. Fisher were important witnesses for appellant; that they were in attendance upon court at a former day of the term, and, by virtue of an understanding between these witnesses and Mr. Bondies, they were to be in attendance on the day the motion was presented. It was again stated in the motion that the witness Campbell "will testify with reference to the burning of the car by plaintiff belonging Killian in Cherokee County, Texas, and that he possesses the facts and circumstances that would show that the plaintiff was instrumental in the burning of

this car and that the insurance was collected by plaintiff for said car, and will further testify that the proof of loss was prepared by said Campbell and in making up and presenting the same to defendant that the plaintiff fraudulently .misrepresented the burning and that this transaction as had in its entirety is within the knowledge of W. Porter Bondies and said Campbell." As to the witness Fisher, the motion stated that Adams & McAlister, as local counsel presenting the motion, were not in position to set out and state the details of Fisher's testimony, but that they were informed and believed that he would testify to facts occurring the night of the fire that "will establish a circumstance in the defendant's claim that the.fire was. oñ an incendiary nature." The motion then stated the nature of this testimony merely as a conclusion on the part of appellant's counsel which, as presented, was without probative force upon the issue of an incendiary origin of the fire. The motion stated further that the witness George Grimes would testify that "on the afternoon before the fire all of the 1928 model second hand cars were moved out of the warehouse and stored in the garage or carried off by various employees and that nothing but the wrecks were left in the warehouse." In this connection it should be said that appellant, by its answer, made no attack on the award of the appraisers.

Appellant answered this motion' as follows: (a) This suit was filed on July 8, 1930; defendant filed its original answer on September 1, 1930, signed only by Adams & McAlister of Nacogdoches; on September 18, 1930, the first amended original answer was filed, signed by Adams & McAlister and W. Porter Bondies as attorneys for appellant; the court convened on September 8, 1930, and this case was set by agreement of parties for September 18th, on which date both appellant and appellee appeared in court, appellee insisting upon a trial, but appellant did not want to try the case at that time; in open court an agreement was made with the consent of the court, resetting the case for October 3d, with the understanding that appellant "would give the plaintiff a trial of the case on that date, and that no circumstance would prevent them from doing so, provided the court would allow a trial"; that the court then reset the case for October 3, 1930, which is this day, by special agreement of the attorneys for both parties, and advised counsel for both plaintiff and defendant that the case was given a special setting for October 3d, and would take precedence over all other cases, civil and criminal, and that it would be tried on October 3d; that the case was called for trial on October 3d, as per the setting, when appellee announced ready for trial and appellant's local counsel stated to the court that W. Porter Bondies was not present, that he

had been notified by appellant's local counsel not to come because the case would not be tried; that appellant's local counsel, in making this statement to W. Porter Bondies, consulted neither the court nor appellee's attorneys about the postponement or continuance of the case beyond October 3d; that, had local counsel conferred with the court and with appellee's counsel before so notifying W. Porter Bondies, they would have been informed "by both the court and plaintiff's counsel that the said cause would be called for trial and a trial insisted upon by the plaintiff at this date, and it's the only probable date that the plaintiff can obtain a trial of its case.": Appellee contested appellant's showing of' diligence in failing to procure the testimony of the witnesses Campbell, Fisher, and Grimes by showing that the depositions of these witnesses could have been taken in time for the trial. Both the motion for continuance and the contest were duly verified. The motion was duly presented to the court and overruled, to which action of the court appellant duly excepted. Upon motion for new trial, appellant assigned as error the action of the trial court in overruling its motion for continuance, and in support of its motion its local counsel testified in detail, supporting fully all the allegations of the motion, explaining the absence of W. Porter Bondies. But on that issue Judge Bates, the trial judge, testified as follows, controverting all issues raised by the testimony offered by appellant:

"As to whether·the court recollects on the various occasions when this case was called on the docket, whether Messrs. Adams & McAlister appeared as counsel in the case, I will state that they did appear as counsel in the case. As to whether they appeared with qualifications of the fact that they would have to consult other counsel, I will say, not except for the purpose of trial of the case—not previous to the day of trial. Mr. Bondies appeared here previous to the day of trial; my recollection is that he had. As far as I remember Mr. Bondies had never personally filed any paper and had never personally made any objections to the court. I recollect the proceedings with reference to the John Morgan Case. I do not remember the day when it was set, without looking it up in the docket—it was set for October 2nd at nine o'clock. This case was set for the same day—10/2. I recollect that there was a motion for continuance presented to the court in that case (Morgan Case), on October 2nd; that motion was overruled, and the John Morgan Case was tried on the 3rd. As.to when this case was tried, I will state that we started on the 3rd—on 10/2 the plea in abatement was overruled and the jury selected and sworn, and evidence heard on the 2nd. We did not start the John Morgan Case on—10/3. Motion for continuance

overruled. The court did not announce that the John Morgan Case would be tried and this case would not be tried."

"The John Morgan Case was set for October 2nd at nine o'clock. On that day the defendant, John Morgan, through his attorneys, Adams & McAlister and Seale & Denman, filed a motion for continuance—I do not remember what time of day * * * and this motion was taken under advisement and attachments issued for the witnesses Sate Johnson, J. L. Johnson and Mrs. Florence Kelley, at Port Arthur, and the Court took no action on the motion until he heard from the officers there as to whether or not they could be had. The case of E. P. McKnight Chevrolet Company v. Commercial Standard Insurance Company, was set specially for October 3rd, 1930, at nine o'clock. At nine o'clock October 3rd, we had no news from Port Arthur as to whether or not those witnesses would be had, and the case of the E. P. McKnight Chevrolet Company v. Standard Insurance Company, was called for trial and the defendants filed a motion for continuance, setting up that they themselves had notified Mr. Bondies that the case would not be tried, without consulting the Court or the other side. * * * The John Morgan Case was tried as soon as we got through with the McKnight Case; we went on with it late that evening; the witnesses were here. I did not know that I was going to overrule the motion in the John Morgan Case; I would not have overruled it if we had not gotten those witnesses. * * * I did not overrule it until I had word that they had the witnesses. I knew we had the witnesses when I overruled that motion. The court did not announce that the John Morgan Case would be tried and this case would not be tried."

The bill of exceptions was qualified as follows: "The above bill of exception is approved with the following qualification, this cause was first set for trial Sept. 18th, 1930, and on that date reset for October 3rd, 1930, and nothing was said to the Court, by defendant's counsel with regard to the above case not being tried on this date, before he advised said Bondies not to be here, the motion for continuance was not overruled by the Court in the case of the State of Texas v. John Morgan before this case was called for trial, the above case State v. Morgan, is passed to await arrival of some witnesses. The defendant excepts to the Court qualifying the bill."

On the showing made, we do not believe the trial court erred in overruling the motion for continuance. The general rule is that the appellate court must presume that an application for a continuance was properly overruled. Railway Co. v. Crowder, 25 Tex. Civ. App. 536, 64 S. W. 90. The absence of a party's leading counsel "does not give to

him an absolute right to a continuance." The rule is that ordinarily a continuance based upon this ground should not be granted. However, the issue is "confided to the discretion of the trial court." 9 Tex. Jur. p. 667. While a mistake of fact will, in some cases, entitle a party to a continuance for the absence of his leading counsel, yet, where the motion is based upon that ground, it is properly refused where counsel is not justified in supposing that the case will not be tried on the particular day for which it was set for trial, 13 C. J. 175. Now, in this case, under the testimony of counsel for appellant, a reasonable case was made justifying them in notifying Mr. Bondies that the case would not be tried, but the testimony of appellant's counsel was sharply controverted by the district judge himself. Under his statement, there was no justification for counsel in notifying Mr. Bondies not to be present. The court did not err in overruling the motion for continuance because of the absence of the witnesses, because, on the above statement, Mr. Bondies and appellant's local counsel were not justified in not having their witnesses present in court; also, it should be said that the materiality of the testimony of these witnesses was not sufficiently disclosed by the motion for continuance, and on motion for new trial no effort was made, by affidavit or otherwise, to show the nature of testimony of these witnesses.

■ The court received in evidence the proof of loss prepared by appellee and furnished appellant, as per the terms of the policy, and also a copy of the agreement of the parties appointing appraisers and a copy of the report of appraisement. Appellant asserts that these copies were received without a sufficient predicate. These propositions are overruled. Appellant itself offered in evidence the agreement appointing appraisers and their report. Appellee merely reintroduced these copies after they had been originally offered by appellant. As to these instruments, it should be further said that appellant has no bill of exceptions complaining of their introduction.

■■ The court did not commit error in receiving the copy of the proof of loss. Appellant stated in its motion for continuance that proof of loss had been prepared, and that the original was in its possession, and that it had been notified to produce the original. This admission made the copy admissible in evidence. Also, this admission dispensed with the necessity of proof that appellee had served appellant with proof of loss. But the copy was admissible on another ground. Appellee pleaded that the proof of loss was duly prepared and, within the time prescribed by the policy, furnished to appellant, and fully sustained these allegations by proof. By its answer appellant made no issue against the sufficiency

of the proof of loss, if one was in fact furnished. On this issue, the answer was merely by general denial. By 26 C. J. 528, the proposition is laid down that parol evidence that proof of loss was prepared and sent to the insurer is admissible, and, if there is no issue as to the form or sufficiency of the notice of proof, there is no necessity of evidence of its contents, and the admission of an alleged copy cannot prejudice the insurer. 14 R. C. L. 1444.

Appellant also complains of the admission of a letter giving it notice to produce the originals of the papers just discussed. The objections to this letter were that it was not shown that appellee wrote the letter or mailed it and that appellant received it. The court did not err in overruling these exceptions because, for the reasons just stated, the copies of these instruments were properly received, independent of this letter.

Appellant also insists that the court erred in instructing a verdict because there was no proof that (a) appellee owned the automobiles, and (b) of the amount of the damage. The evidence showed that the automobiles were in the possession of appellee at the time they were destroyed by fire. On this issue, E. P. McKnight testified as follows: "Along on August 8th, 1929, I took out an insurance policy with some insurance company covering the secondhand automobiles we might have on hand from time to time; that was with the Commercial Standard Insurance Company of Dallas. That is one of their blanket policies that they issue covering any car that we might have on hand from month to month. This is the policy. The cars covered by this policy were located at Nos. 106 and 107 Commerce Street, here in Nacogdoches; * * * We had forty-four cars on hand on November 10, 1929; those were secondhand cars. * * * As to whether anything occurred to the forty-four secondhand cars that were stored on Commerce Street, I will state that we had a fire here. The date of that fire was November 10, 1929. Those cars were a total loss."

No evidence was offered to contradict this. In 22 C. J. 126, it is said: "A rebuttable presumption of ownership which, in the absence of evidence to the contrary, the law will assume to be correct, arises from the possession of real or personal property." "To the same effect see 10 R. C. L. 877."

In Insurance Co. v. White, 32 Tex. Civ. App. 197, 73 S. W. 827, it was held that the evidence of plaintiff that the property insured was in its private dwelling occupied by him and his family was prima facie proof of ownership. A similar holding was made in Insurance Co. v. Nations, 24 Tex. Civ. App. 562, 59 S. W. 817. See, also, Andrews v. Beck, 23 Tex. 455, and Clifton v. Lilley, 12 Tex. 130. The fact that appraisers were appointed by the parties under the terms of the policy to estimate appellee's loss, and that these appraisers duly discharged the duties of their appointment, and estimated appellee's damages at the sum of $7,242, fully sustains the trial court's judgment in instructing a verdict for appellee in that sum. In 26 C. J. 425 it is said: "Where parties to a policy have submitted a difference as to the amount of the loss to arbitration or appraisal, they are mutually bound as to the amount of the loss by the award of appraisers, if valid. * * * For reasons not connected with the award the insurer may not be liable at all, but, if liable, he must pay the amount named in the award."

The judgment of the lower court is in all things affirmed.