### JENSCHKE et al. v. BURG et al.

#### No. 3322.

Court of Civil Appeals of Texas. El Paso.

March 19, 1936.

Rehearing Denied April 2, 1936.

Alex Jung, of Fredericksburg, for appellants.

H. H. Sagebiel and Herman Usener, both of Fredericksburg, for appellees.

HIGGINS, Justice.

Appellants, judgment creditors of C. W. Duecker, garnished Henry J. Burg.

The garnishee answered: "Answering to the question in said writ as to 'What, if anything, he is indebted to the said C. W..Duecker, said defendant, and was when this writ was served upon him' he answers: Approximately on the 20th day of November, 1934, the son-in-law of C. W. Duecker, Herbert Haas, informed me that his father-in-law, C. W. Duecker, had oats for sale and for me to get it at any time I had use for it at 60 cts. a bushel. Then on or about December 13th, 1934, C. W. Duecker and Herbert Haas again saw me at Stonewall, Texas, and the deal was closed on the oats. The sale consisted of 600 bushels or more which at 60 cts. a bushel amounted to $375.70, less 50 oat bags at 10 cts. each, a balance of $370.70 due on the oats. On the 20th day of December, 1934, I was served with the writ of garnishment and C. W. Duecker being in Stonewall on that day for making settlement for this oats, I informed him of the garnishment and when so informed he told me that the oats belonged to his son Victor Duecker."

No answer was made to the other matters inquired about in the writ as the statute requires the garnishee to do. Article 4085, R.S.

Victor Duecker intervened, setting up that he was the owner of the oats referred to in the answer of the garnishee and entitled to the proceeds of the sale thereof.

Appellants answered the plea in intervention.

Upon the trial, appellants introduced evidence showing C. W. Duecker sold the oats to the garnishee. The intervener offered no evidence in support of his claim. Upon an instructed verdict, judgment was rendered against appellants.

■ Appellees assert the verdict was properly instructed because the burden of proof was upon appellants to show the oats sold to the garnishee and the proceeds thereof were the property of the judgment debtor, and this they did not do. It is true that, when a garnishee answers under oath the matters inquired of in the writ and such answers negative liability on his part, the burden is upon the plaintiff to overcome the prima facie defense presented by the answer. 20 Tex.Jur. "Garnishment," § 121. This is the effect of the holdings in the cases cited by appellees.

■ But in this case the answer in effect admits the oats were sold to the garnishee by the judgment debtor. The exercise by the judgment debtor of the authority to sell the oats was evidence, prima facie, of his ownership thereof. York v. Texas State Bank (Tex.Civ.App.) 261 S. W. 207; Silsbee State Bank v. French Market Grocery Co. (Tex.Civ.App.) 133 S. W. 713; Bullard v. Oatman (Tex.Civ. App.) 271 S.W. 422; Liverpool, etc., Co. v. Nations, 24 Tex.Civ.App. 562, 59 S.W. 817.

■ The answer of the garnishee therefore shows the proceeds of the oats belong to the judgment debtor. Under such circumstances the burden was upon the intervener to show his superior right thereto. 20 Tex.Jur. "Garnishment," § 122; King & King v. Porter (Tex.Civ.App.) 256 S.W. 627; York v. Texas State Bank, supra.

He offered no evidence in support of his claim, and verdict should have been instructed for appellants.

■ Appellants present no point with respect thereto, but, in view of retrial, attention is called to the insufficiency of the garnishee's answer in failing to make answer to the several matters inquired about in the writ. The only answer made is to the inquiry concerning debts. The insufficiency of the answer would authorize judgment by default against the garnishee. Articles 4085–4087; 20 Tex.Jur. "Garnishment," § 97; Holloway Seed Co. v. City Nat. Bank,

92 Tex. 187, 47 S.W. 95, 516; City of Sherman v. Shobe, 94 Tex. 126, 58 S.W. 949, 86 Am.St.Rep. 825.

Reversed and remanded.