**MUTUAL FIRE & AUTOMOBILE INS. CO. v. MUCKELROY.**

No. 12223.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 17, 1951.

Rehearing Denied Feb. 14, 1951.

556

John Touchstone, George C. Cochran, Dallas, for appellant.

William E. North, Corpus Christi, for appellee.

## W. O. MURRAY, Chief Justice.

This suit was instituted by George Muckelroy against Mutual Fire and Automobile Insurance Company, seeking to recover the sum of $1,020.00 as damages to his 1941 Buick automobile, resulting from an accidental collision which occurred on August 13, 1949. The trial was to a jury and resulted in findings favorable to Muckelroy. Judgment was rendered, based upon the verdict, in favor of Muckelroy in the sum of $840.00, and Mutual Fire and Automobile Insurance Company has prosecuted this appeal.

Appellant's first contention is that there was no competent evidence in the record to show that appellee owned the 1941 Buick automobile involved in the collision. Appellee was shown by testimony to have been in possession of the Buick at the time of the collision. Appellee testified without objection that he was the owner of the Buick, and another witness was permitted to so testify. Appellant's theory is that, as Article 1436-1, Vernon's Annotated Penal Code, provides in effect that it is unlawful to purchase an automobile without a certificate of title to be issued by the State Highway Department, the only way ownership of an automobile can be shown is by introducing into evidence the certificate of title. In support of this contention, appellant cites Mielke v. Leeberson, 150 Ohio St. 528, 83 N.E.2d 209, 211, 7 A.L.R.2d 1342. That case does hold that in view of the provisions of the certificate of title law of the State of Ohio, title to an automobile can only be established by producing in evidence the certificate of title. The following is taken from that opinion:

" 'The record is devoid of any evidence of ownership tendered on this issue by either plaintiff or defendant, excepting the testimony of plaintiff that he was the owner of the motor vehicle he was operating. In view of the provisions of the certificate of title statute, plaintiff wholly failed to establish ownership of the motor vehicle he was operating and was not entitled to recover on the evidence adduced at the trial.' * * *

"Except for the requirement of Section 6290-4, General Code, plaintiff's ownership of the automobile he was driving was abundantly proved."

The provision referred to reads as follows:

"No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle, hereafter sold or disposed of, or mortgaged or encumbered unless evidenced by a certificate of title or manufacturer's or importer's certificate duly issued, in accordance with the provisions of this chapter."

No such provision is found in our certificate of title statute, Art. 1436-1, supra, so this very opinion becomes good authority for holding that in the case at bar the ownership of the Buick automobile was abundantly proved.

■ It has been held that mere possession of property covered by an insurance policy is prima facie evidence of ownership thereof in an action on the policy. Liverpool & London & Globe Ins. Co. v. Nations, 24 Tex.Civ.App. 562, 59 S.W. 817; Commercial Standard Ins. Co. v. E. P. McKnight Chevrolet Co., Tex.Civ.App., 43 S. W.2d 636; 22 Corpus Juris 126.

The cause was submitted to the jury on only three special issues. There were no exceptions or objections to the charge, neither were there any specially requested charges.

The jury found by their answers to the issues that the reasonable fair cash market value of the 1941 Buick prior to the collision was $950.00, that said value after the collision was $60.00, and that no damage was sustained by the Buick automobile in the collapse of the underpart of same, when it hit the railroad track. It was clear from the policy that if the damage to the Buick was the result of collapse of its parts, rather than the result of the collision, appellant would not be liable. The third issue was asked to determine this matter. This is illustrated by the definition which the court gave the jury, reading as follows:

"By collapse is meant a breaking down due solely to no outside force such as collision, the striking of some object, or upset, but is due solely to worn-out condition."

■ The issue as to whether or not the damage to the Buick was caused by the collision with the railroad track and the bank on the other side was not submitted to the jury, and no exception was taken to such failure, therefore, a jury was waived as to this issue and we must presume that the court impliedly held on such issue so as to support the judgment rendered. Inasmuch as the trial court rendered judgment for appellee, we must presume that he found that the damages to the Buick were caused by the collision.

■ There was ample evidence that it would have been impracticable to repair the Buick, and that such repairs would cost more than the value of the car. Appellee's damages were properly measured by the difference between the reasonably fair market value of the Buick just before the collision and such value immediately after such collision. Under all the circumstances the court did not err in failing to compute the damages in accordance with condition 13 of the policy relating to the cost of making repairs.

■ Appellant undertakes to construe the jury's finding in answer to issue three as a finding that the Buick did not sustain any injury when it struck the track. The proper construction of this finding by the jury is that the injury was not caused by collapse.

■ Appellant sought a new trial upon the grounds of newly discovered evidence. While appellee was on the stand he testified that he had owned the Buick for more than a year and that he had purchased it from the Eagle Motor Company of Corpus Christi. He further testified that he was not sure of the date of such purchase but that he thought it was on May 2, 1949; that it was during the year 1949. At the hearing on the motion for a new trial appellant introduced an affidavit of G. L. Kellogg, who is the office manager of the Eagle Motor & Supply, stating that he had checked the records of the company for the year 1949 and the last six months of 1948, and had been unable to find any sale by the company of a Buick automobile to appellee. The insurance policy contains the information that appellee had purchased the Buick in March, 1948. This affidavit really proves nothing more than that appellee was mistaken about when he bought the automobile, and that perhaps the date contained in the policy of insurance was the accurate date. The trial court did not abuse his discretion in denying appellant a new trial upon the ground of newly discovered evidence.

The judgment is affirmed.