Raymond McCLENDON, Appellant,

v.

FIRE ASSOCIATION OF PHILADEL-
PHIA et al., Appellees.

No. 6429.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 4, 1954.

Rehearing Denied Nov. 1, 1954.

Davis & McCown, Dalhart, for appellant.

Thompson & Coe, Dallas, Richards & Richards, Dalhart, for appellees.

NORTHCUTT, Justice.

This is an action by Raymond McClendon as plaintiff against Fire Association of Philadelphia, a corporation, and Tom Long, Roy L. Suddarth and A. D. Suddarth as defendants. The style of the case, however, lists Ray McClendon as plaintiff but, for the purpose of this opinion, it will be considered that Ray and Raymond are the same person. The parties at this point of the opinion will be designated as they were in the trial court. Tom Long, Roy L. Suddarth and A. D. Suddarth will not be considered any further herein. In referring to the defendant, we will have reference only to the Fire Association of Philadelphia.

Plaintiff alleged that he had been the owner of the property in question since about September 14, 1949 and, on that date, defendant insured said risk in the sum of $3,000, under policy No. F–5397, with total coverage of $2,500 on the building and $500 on the contents of said building. Plaintiff alleged that said property was destroyed by fire on or about April 24, 1950 and alleged the reasonable market value of the contents of the building was $500. Plaintiff further alleged that the policy provided, in the event of total loss of said building by fire, that said policy becomes a liquidated demand for the face of the same and then alleges total loss and liquidated demand and seeks judgment for $3,000 with six per cent interest from April 24, 1950.

Defendant answered and denied that it had any contract of fire insurance with the plaintiff on April 24, 1950, or at any time prior thereto and, since it had no contract with the plaintiff at the time of the alleged loss or any other time, it was without liability to the plaintiff. Defendant further answered that if there was ever any contract of insurance between the plaintiff and the defendant in the amount covering the property in question, that the said contract or policy of insurance was cancelled long prior to April 24, 1950 and that the cancellation was well-known to the plaintiff or his agents, servants, employees or associates. Defendant presented other pleadings not necessary to mention here.

After the plaintiff had announced he would rest, the defendant, by a motion duly filed, requested the court to instruct the jury to return a verdict in favor of the defendant or, in the alternative, to withdraw the case from the consideration of the jury and to render judgment in its favor. As grounds for such request, appellee alleged in effect that there was no evidence to prove or tending to prove the issuance of a fire insurance policy to plaintiff by defendant in any sum to cover premises

known as Archway Club or that the evidence was, at least, insufficient to require the submission of an issue on such a matter; that there was no evidence to show that such a policy, if issued, was in effect on the date of the alleged fire; that such proof as may have been heard concerning the issuance of a policy was at variance with and materially different from the policy pleaded by plaintiff, that there was no evidence showing plaintiff had given notice or filed a proper proof of loss if a valid policy did exist. The court granted defendant's motion and withdrew the case from the consideration of the jury and rendered judgment that the plaintiff recover nothing of and from the defendant and that the defendant go hence without its costs and that plaintiff pay all costs. To which action of the court, the plaintiff excepted and has perfected this appeal. Hereafter, plaintiff will be referred to as appellant and defendant as appellee.

■ Appellant presents this appeal upon two points of error as follows:

## "Point I

"The trial court erred in refusing to allow the appellant to secure the possession of policy No. F-5397 from appellee's attorney, Mr. R. B. Cousins, III by subpoena duces tecum.

## "Point II

"The trial court erred in refusing to allow appellant to prove insurance policy No. F-5397 by secondary evidence."

Concerning appellant's first point of error wherein he complains of the action of the court in refusing to allow the appellant to secure possession of policy No. F-5397 from appellee's attorney, Mr. Cousins, by subpoena duces tecum, we cannot agree that the court so held. Both of appellant's points of error will be discussed jointly.

Appellant brought this action to recover upon policy No. F-5397 dated September 14, 1949. He did not plead that a policy was issued to him and that he did not have the same in his possession and could not describe the policy nor did he give any notice for the appellee to produce the policy or secondary evidence thereof would be offered. At no time did the appellant request permission of the court to file trial amendment seeking to show there might be another policy upon which appellee might be held liable but continued to seek relief under policy No. F-5397 dated September 14, 1949. It might be noted, after showing that F. E. Thomas was the insurance agent for appellee and several other insurance companies, Thomas was asked if he wrote a policy dated September 14, 1949, in these other companies; but appellant did not ask Thomas if he wrote a policy for appellant with appellee company on September 14, 1949. After appellant asked the witness Thomas if he had written these other policies with these other companies, he then asked Thomas if he, Thomas, wrote a policy in appellee's company dated October 10, 1949. After objections were made, the court announced that he would let the matter be developed in the absence of the jury and rule later on the admissibility of the evidence. The jury was retired. In the absence of the jury, appellant continued to ask about a policy dated October 10, 1949. Thomas acknowledged that he issued a policy on October 10, 1949, payable to McClendon and Long but that it was cancelled and returned to the appellee. During the time the jury was retired, the appellant called the appellee's attorney as a witness and asked him "Do you have in your possession a policy?" The attorney answered "Yes". At this juncture, appellant had the appellee's attorney served with a subpoena duces tecum directing him to produce "a certain fire insurance policy No. F-5397 dated September 14, 1949 issued to Raymond McClendon by Fire Association of Philadelphia." Appellee's attorney answered that he did not have a policy dated September 14, 1949, issued to Raymond McClendon and that he did not have any policy issued to Raymond McClendon. The testimony was undisputed that the policy issued October 10, 1949 was issued to McClendon and Long. Just prior

to having the jury returned, the following took place between the court and appellant's attorney:

"The Court: If there is any of this evidence that is already produced that you expect to be developed, I want it read from the Reporter's record, rather than going through all the time to develop it again. If there is anything additional, it is all right.

"Appellant's Attorney: Well, we have in the record that the policy was issued, the date of the policy, the name of the company * * *

"The Court: Ask the Reporter to read those things before the jury that you want read and we will rule on them. I don't know; I think the ruling of the court is that all of that has been excluded.

"Appellant's Attorney: Your Honor, could we have about thirty minutes to look up some law for this secondary evidence?

"The Court: We will recess until 11:00 o'clock."

After the recess, the appellant objected to the action of the court and the court asked appellant if he had anything further in the way of evidence. The jury was returned but no further effort was made to introduce any evidence as to any policy and all appellant offered was as to the value of personal property lost, and that the building in question was a total loss and that he had never collected any damages from appellee but had collected $8,500 from other companies as a result of the said fire loss sustained. Some of the objections made by appellee were not ruled upon by the court.

We do not hold that appellee's attorney is immune from a subpoena where it is shown that he has an instrument in court and can produce the same; and neither do we hold that a party to a lawsuit may refrain from producing an instrument in evidence by delivering the same to his attorney.

In this particular case, the undisputed evidence shows that appellant requested Thomas through Thomas' agent, McClure, to secure some insurance for him. It is also undisputed that appellant made Thomas his agent to keep his insurance papers. There is no showing in this record that appellee had in its possession policy No. F–5397 and no notice was ever given to appellee to produce such policy until during the trial when the subpoena duces tecum was served. Appellant agrees that the policies were to be left in the office of Thomas. Appellant proved by Thomas that there was a policy issued October 10, 1949, but that the same was cancelled and returned to the appellee. All the appellant asked appellee's attorney was if he had a policy. In the absence of a showing to the contrary, when appellant shows by his own agent that a policy was issued on October 10, 1949, but cancelled and returned to the appellee, the reasonable conclusion would be that the cancelled policy was the one appellee's counsel had at the trial and especially since the attorney denied he had a policy dated September 14, 1949, issued to Raymond McClendon and there is no showing that he ever had such policy.

■ Evidence of the contents of a lost instrument cannot be given until its execution is proved. Appellant's cause of action seeks to recover upon policy No. F–5397 of date September 14, 1949, but he showed the execution and loss, if any, of another policy dated October 10, 1949, which will not meet the requirements because, before secondary evidence of the contents of a lost instrument is admissible, it must be shown that diligent search has been made in places where the instrument would be likely to be found and inquiries made of those who would be the proper custodians of it. Appellant showed he was leaving the policies he was to receive in the care of the Thomas office. McClure, the man in Thomas' office that appellant dealt with about the insurance, was never called as a witness. Thomas was introduced as a witness by appellant but he was never asked about policy No. F–5397 dated September 14, 1949, the policy sued upon. The attorney

for appellee stated, in reference to the subpoena duces tecum served upon him, "I will assume that the subpoena is served properly and specifically and does describe the policy that they want" meaning, of course, the policy asked about which was dated October 10, 1949, because 'the subpoena described the policy dated September 14, 1949. Appellant was asked about and tried to introduce the policy dated October 10, 1949, a different policy from that sued upon. Under the state of this record, if the policy dated October 10, 1949, had been produced, it would not have had any effect on the disposition of this case other than was done by the court.

An examination of the entire record reveals that the trial court was justified in sustaining appellee's motion. We therefore overrule appellant's assignments of error. Judgment of the trial court is affirmed.

· MARTIN, Justice (dissenting).

It is elementary that if the trial court correctly ruled that appellant was not entitled to production of the policy of insurance on which the suit was based, that, likewise, secondary evidence was not admissible as to the policy and appellant failed to make out a case as ruled by the trial court in taking the case from the jury. But, this dissent is based on the proposition that the trial court erred in ruling that the appellant was not entitled to production of the policy at issue upon notice to produce being given in open court. This is the sole issue governing the appeal although the writer of this dissent does not agree with the majority as to either their summary of the issues in the cause or as to their statement of the facts disclosed by the record.

It is correct that two policies were mentioned by the agent of the appellee—one dated September 14, 1949 and one dated October 10, 1949. It is likewise correct that the inquiry made by counsel for appellant as to an insurance policy with the Fire Association of Philadelphia was only in relation to policy No. F–5397 dated October 10, 1949. But, counsel for appellant testified

that he was given the number of the policy by the insurance agent of the appellee company. The agent for the company also testified, in regard to the policy under date of October 10, 1949, that the premium for same was paid from the return premium on the former policy. From the dates given, it is obvious that the former policy was the policy dated September 10, 1949. And appellees never at any time objected to production in evidence of this policy on the ground that there was a variance between the pleading and the policy sought to be introduced in evidence.

The undisputed evidence in the cause reveals that the building as insured was a total loss by fire and liability in the cause as to such building as destroyed is fixed by Article 6.13, Insurance Code, Vernon's Texas Civil Statutes, formerly Article 4929. "A fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy. The provisions of this article shall not apply to personal property." From the testimony in the cause, it is evident that this same clause had been incorporated in the policy here in issue as required by the provision of Article 6.13, supra.

It is not here conceded that the evidence in the cause reveals that policy No. F–5397, the policy dated October 10, 1949, or any other policy, had been cancelled, notice of such cancellation given to appellant and the premium as paid for the same returned to appellant. It is likewise observed that counsel for appellees, in denying that he held policy of insurance No. F–5397 qualified such denial by his allegation that he held no such described policy *payable to Raymond McClendon.* (Emphasis added.) It is also readily recognized that this is a mere subterfuge and play on words in that counsel failed to recognize that a policy of insurance payable to Raymond McClendon and Tom Long, as partners, would be a policy issued to each of the partners. Further, it is undisputed that appellant, McClendon, purchased his partner's interest in the property prior to the fire loss and requested that

the insurance policy be changed to his name as insured.

However, this appeal does not come here for a determination of the same on the merits of the cause of action but solely upon a ruling made by the trial court as to appellant's demand for production of the policy in issue. It is not here conceded that the record reveals that counsel for appellant did not give notice in open court to appellees to produce the policy in issue. It is shown by the undisputed evidence in the cause that counsel for appellees had in his possession in court the policy in issue in the cause of action. This fact was admitted in open court by counsel. It is likewise revealed by the undisputed evidence that appellant's counsel, in open court, duly made a demand on appellees to produce the policy in issue. Appellant's notice to produce was sufficient in that it specifically described policy No. F–5397. It cannot be reasonably contended that the notice to produce as given by appellant's counsel was not sufficient to place appellees' counsel on notice as to the policy requested. 32 C.J.S., Evidence, § 845, p. 780. But, sufficiency of the notice to produce cannot be an issue on this appeal for, upon demand being made on appellees' counsel to produce the policy in issue, such notice to produce being by notice in open court and also by subpoena duces tecum, counsel for appellee made the following admission: "I will assume that the subpoena is served properly and specifically and does describe the policy that they want".

The above undisputed facts as taken from the record bring the appeal to the sole issue before this Court. Appellant's counsel duly made a demand in open court for production of the policy in issue. Counsel for appellees presented only two objections in the trial court as to why he should not produce the policy. Upon these two objections alone appellees' counsel must rely for his refusal to produce the policy as demanded by counsel for appellant. One of counsels' objections was that said counsel for appellees, who held the policy in issue, "has a confidential relation" and counsel's second objection was that such counsel was immune from a subpoena and from testifying to those confidential relations. The trial court, at the time counsel for appellees made these two objections, stated: "I will defer a ruling on it until I see what the play is". Following considerable maneuvering and discussion, the court sustained the two objections stated above as made by counsel for appellees. Under such ruling, the policy of insurance was not required to be produced in open court by counsel for appellees. The court's ruling that appellant was not entitled to production of the policy in issue likewise ruled secondary evidence thereof inadmissible. The above ruling by the trial court was not only error but a substantial error of law as to the major issue in the cause.

It is worthy of note that, on oral argument being presented in the Court of Civil Appeals, counsel for appellee was asked by the Court whether he was submitting to the Court as a correct legal principle, the proposition that notice to produce an instrument as given in open court, where the instrument was in the possession of the opposite party in court, was insufficient to require production of the instrument. To this query on the law, counsel merely replied that he would admit that he had been given notice in open court to produce the policy if that was sufficient. This admission made before the Court of Civil Appeals was in addition to counsel's further admission in the trial of the cause that he had the specific policy in issue in his possession in court. It is further noted that counsel even went so far as to make the following admission in open court during the trial of the cause: "If we turn out to be incorrect we will produce it." Upon the above facts and admissions in the record, the trial court made the following ruling: "If it proves to be correct that the plaintiff is entitled to the production of this policy under this procedure then it will be produced and used in evidence and, if not, your efforts have failed. If you want an on the spot, off the cuff ruling, I will sustain the defendant's objection to it, and we will proceed from here." The court's ruling likewise rendered secondary evidence of the policy inadmissible as revealed by the record. To this

ruling of the court, appellant noted an exception. In the face of this record and counsel's admissions, the policy was never produced under either appellant's demand for production of the policy as made in open court or under the subpoena duces tecum as served on appellees' counsel.

The record has been discussed in more detail than the issue before this Court warrants as the sole issue here is whether appellees' counsel should have been required to produce the appellant's policy of insurance, as held by appellees' counsel in court, upon said counsel being given notice in open court to produce the same. The fact that notice to produce was given counsel in open court is further strengthened by the fact that appellant's counsel had issued a subpoena duces tecum and had the same served on counsel for appellees who admitted thereafter in open court that such subpoena was served properly and specifically and did describe the policy of insurance the appellant wanted. In view of the principles of law clearly governing the issue here, it may be noted that the objection of counsel for appellees that his possession of the policy of insurance belonging to the appellant became a confidential communication when delivered to such counsel by his client, the company writing the insurance, is wholly without merit. Of like validity is his further objection that he was immune from subpoena while attending court.

The issue on appeal is governed by the well established rule as stated in 32 C.J.S., Evidence, § 847, p. 781: "Notice at trial. Notice given or demand made during the trial is generally sufficient where the document is in the possession of the adverse party or his attorney at the trial and is in court, or where the paper, although not actually in court, is so near that it can be speedily obtained. * * * Thus notice at the trial is sufficient where the papers are the subject of the action or defense." See also Hill v. Houser, 51 Tex.Civ.App. 359, 115 S.W. 112, syl. 4 (Writ Refused); Commercial Standard Ins. Co. v. E. P. McKnight Chevrolet Co., Tex.Civ.App., 43 S.W.2d 636, syl. 7 (Writ Refused), and City National

Bank of Bowie v. Southern Casualty Co., Tex.Civ.App., 33 S.W.2d 830, syl. 4.

Appellant's Point I should be sustained. The judgment of the trial court should be reversed and the cause remanded for a trial of the case on its merits.