Melvin ADAMS, Appellant,

v.

Gertrude Callahan LYNCH, Appellee.

No. 7334.

Court of Civil Appeals of Texas.

Amarillo.

March 16, 1964.

Hubert Roach, Aspermont, Dale Condron, Jayton, for appellant.

Evans, Pharr, Trout & Jones, Lubbock, for appellee.

CHAPMAN, Justice.

The subject matter of this suit constitutes a landlord and tenant controversy between Mrs. Gertrude Callahan Lynch, plaintiff-appellee, and Melvin Adams, defendant-appellant, over the right of the landlord to dispossess the farm tenant. Mrs. Lynch contended she leased the land to Mr. Adams under an oral agreement for one year at a time and the latter contended he had a five year written lease. The case originated in the form of a trespass to try title with a stipulation of fee simple title in Mrs. Lynch. It was tried to a jury but after the evidence was completed the court took the case from the jury and rendered a judgment for Mrs. Lynch for title and possession.

Appellant pleaded that " * * * on or about the fifteenth day of December, 1958, cross-plaintiff and cross-defendant entered into a *written or oral* contract of lease of the following described land situated in Crosby and Dickens Counties, Texas, to-wit:" (Emphasis added).

The lands were then described by metes and bounds. Then without having previously alleged any written memorandum such as to avoid Sections 4 and 5 of the Statute of Frauds and Fraudulent Conveyances, Article 3995 Vernon's Ann.Tex, Civ.St. and the Statute of Conveyances, Article 1288, he alleged " * * * the above mentioned memorandum is now lost, but cross-plaintiff will prove the execution and contents of said memorandum as above

alleged." He then alleged " * * * the above mentioned memorandum or the Conservation Reserve Contract are a sufficient memorandum to constitute a valid contract for the lease of land for a period of more than one year."

Appeal is perfected upon two points. The first asserts error of the court in sustaining a special exception to the failure of Melvin Adams to state a cause of action upon which the court could grant the relief requested. The second point asserts error of the court in sustaining appellee's special exception to Adam's allegation that " * * the above mentioned memorandum or the Conservation Reserve Contract are sufficient memorandum to constitute a valid contract for the lease of land for a period of more than one year."

The court further sustained exceptions to such allegations for the reason that they failed to set forth " * * * such memorandum as written, oral, or otherwise, and is not sufficient in law to form the basis of the cause of action on the part of the cross-plaintiff in that same does not set forth the specific terms and conditions of the agreement."

From the record we have before us we believe the trial court correctly sustained the exceptions to the pleadings. They first allege "a written or oral contract." The contract could not have been both. They were not pleaded in the alternative. It was either written or oral. Nowhere else in the pleadings is written contract referred to. In several other places in the pleadings a "memorandum" is referred to but nowhere do the pleadings allege it was signed by Mrs. Lynch. The word "lease" was also used several times in the pleadings but nowhere does appellant allege a specific written lease signed by the parties. Contention is made that the agreement the two signed as producers with the United States Government on the Conservation Reserve Contract constituted a contract between the parties here for the

period of the Conservation Reserve Contract. We have studied the contract and hold that it does not obligate Mrs. Lynch to a five-year contract with a specific tenant.

Under the statutes above cited appellant properly objected from the beginning to the introduction of any testimony concerning a written contract. The court stated he would carry the objections along until the evidence was in. After the evidence was in he then sustained the objections, took the case away from the jury and rendered the judgment heretofore referred to. We believe he was correct in doing so.

The Beaumont Court of Civil Appeals in the case of Pate v. Gallup, 195 S.W. 1151 (N.W.H.) has stated as follows:

"To our minds, the rule of evidence has long been settled that when original instruments, which would be admissible if the originals were produced in court and properly proven, are shown, by the testimony of the custodian thereof, to have been destroyed, the proper manner to prove its loss is: (1) To prove the loss or destruction of the original by the custodian thereof at the time of its loss, or destruction; (2) to prove its execution by some one who can testify of this own knowledge to the fact that it was executed by the person by whom it purported to be executed; and (3) if a witness can be produced who can testify that a copy of the instrument is a true copy, this should be done."

No such predicate was laid in the instant case nor did the pleadings allege facts to justify proving such a predicate. In the case of McClendon v. Fire Association of Philadelphia, 278 S.W.2d 447 (N.W.H.), our court has held:

" * * * before secondary evidence of the contents of a lost instrument is admissible, it must be shown that diligent search has been made in places

where the instrument would be likely to be found and inquiries made of those who would be the proper custodians of it."

There are no pleadings or evidence of this nature in the instant case. To the contrary Mrs. Vernon, the custodian of the file in the A.S.C.S. office containing the Conservation Reserve Contract between the parties here and the United States Government, testified that the file never contained any memorandum or written instrument between Mrs. Lynch and Melvin Adams; that she never heard of such document until Mr. Roach, one of the attorneys for appellant, inquired of her about it that morning; and that Mr. Adams never asked her to produce such instrument.

Accordingly, from the record before us we hold the trial court did not commit reversible error in the judgment rendered. The judgment of the trial court is affirmed.