**NORTHWESTERN NATIONAL INSUR-
ANCE COMPANY, Appellant,**

**v.**

**Virginia COPE, Appellee.**

**No. 518.**

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 20, 1969.

Rehearing Denied Dec. 11, 1969.

Mahoney, Shaffer, Hatch & Layton, Richard Hatch, Corpus Christi, for appellant.

Wade, Wade & Newton, Reese Wade, Jon Newton, Beeville, for appellee.

OPINION

GREEN, Chief Justice.

This is a suit by insured, plaintiff-appellee Virginia Cope, against her insurer, Northwestern National Insurance Company, to recover a money judgment for the loss allegedly caused to insured's automobile by reason of a collision with a third party.

Plaintiff Cope plead the accident to her car, a 1967 Plymouth purchased new three months before the accident, the provisions of her insurance policy, and the reasonable market value of her car before the accident as being $3690.00 and after the accident $450.00. She alleged that the reasonable cost of repair of her automobile after the collision would be over $3666.64, and that after such repairs would be made the value of the car would be $1440.00 less than the value of the car prior to the accident. Thus, the effect of her pleading was that the measure of her recovery be the difference in the reasonable cash market value of the car immediately before and after the accident, and should not be tested by the reasonable cost of repair. She states that the reasonable costs of repair would not compensate her for her loss, as the car after being repaired would have a reasonable market value substantially less than such value before the accident.

Insurer-defendant acknowledged its liability to insured, which liability insurer alleged to be limited by the terms of the policy to the reasonable cost of repair of the car less the deductible, and insurer alleged that when so repaired, the car would be restored to substantially the same condition as before the accident.

The trial court after evidence and jury verdict rendered judgment providing recovery by insured of the difference as found by the jury in the reasonable cash market value of the car in Bee County immediately before and after the accident. The principal question raised by appellant-insurer's points of error on its appeal from such judgment concerns the correct measure of damages to be applied in view of the pleadings, evidence and the findings of the jury.

The evidence introduced by the plaintiff included her testimony concerning the purchase of the automobile and the policy of insurance with defendant, and the testimony of the Plymouth dealer in Beeville who had sold her the car, and who was well ac-quainted with its condition before and after the accident, and who testified as an expert on the value and costs of repairs of plaintiff's car in Bee County, and the substantially reduced market value after repairs of a car, including this car, which had been in a serious accident.

Appellant-defendant introduced evidence that the reasonable repair expense to replace the car back in its original condition would be the sum of $1722.39, and that the car when so repaired would have a reasonable market value substantially the same as prior to the accident. Appellant tendered such sum to appellee, but appellee refused. As a result of their differences, the car was never repaired, and at the time of trial was in appellee's possession in its wrecked condition.

The jury, in answer to special issues, found: (Issue No. 1) that the reasonable cash market value of the car in Bee County immediately before the occurrence in question was *$3690.00*; (Issue No. 2) that such value immediately after the occurrence was *$450.00*; (Issue No. 3) that the reasonable cost of repairs, if any, immediately after the collision, to the car in Bee County for the damage caused in the occurrence in question was $2223.00; (Issue No. 4) that the reasonable cash market value in Bee County of the automobile if such repairs had been made was *$2250.00*. We find that, although fact issues were raised, the answers of the jury find support in the evidence. We do not find the amount of plaintiff's recovery to be excessive under the evidence.

At issue here is the proper construction of the following provision of the policy:

"Limit of Liability. The limit of the company's liability for loss shall not exceed the actual cash value of the property, or if the loss is of a part thereof the actual cash value of such part, at time of loss, nor what it would then cost to repair or replace the property or such part thereof with other of like kind and quality, * * *"

As found by the jury, although the reasonable cost of repairs to the damaged automobile would be $2,223.00, the car *after such repair* (if repairs had been made) would have a value of only $27.00 more than the reasonable repair bill, and would have depreciated in value from $3690.00 to $2250.00, a reduction of $1440.00. It is obvious that the reasonable cost of repair in this instance would not "repair or replace the property or such part thereof with other of like kind and quality". Superior Pontiac Company v. Queen Insurance Company of America, Tex.Sup.Ct., 434 S. W.2d 340, a case in which this same policy provision was construed and applied.

■ The words "repair" and "replace" in the policy mean the restoration of the automobile to substantially the same condition in which it was immediately prior to the collision; and it would not be restored to the same condition if the repairs left the market value of the automobile substantially less than the value immediately before the collision. American Standard County Mut. Ins. Co. v. Barbee, Tex.Civ.App., 262 S.W.2d 122, n.w.h.; Smith v. American Fire & Casualty Co., Tex.Civ.App., 242 S. W.2d 448, n.w.h.; American Indemnity Co. v. Jamison, Tex.Civ.App., 62 S.W.2d 197, n.w.h.; Mutual Fire & Automobile Insurance Co. v. Muckelroy, Tex.Civ.App., 236 S.W.2d 555, n.w.h.; Calvert Fire Ins. Co. v. McClintic, Tex.Civ.App., 267 S.W.2d 568, wr. ref. n. r. e.; Standard Accident Insurance Co. of Detroit v. Richmond, Tex. Civ.App., 297 S.W. 879 wr. dism.; Roberdeau v. Indemnity Ins. Co. of North America, Tex.Civ.App., 231 S.W.2d 948, wr. ref. n.r.e.; Stuyvesant Ins. Co. v. Driskill, Tex.Civ.App., 244 S.W.2d 291, n.w.h.

We copy as follows from Smith v. American Fire & Casualty Co., supra: (p. 454)

"In Standard Accident Insur. Co. v. Richmond, Tex.Civ.App., 297 S.W. 879, 880, the court said: 'Appellant contends that it was only required to pay the cost of restoring the car to substantially the same condition it was in before the injury. That is true, if the words "substantially the same" mean a condition which made the car equal in value to what it was before the injury.' "

■ In line with the holdings in the above cited cases, and in view of the jury findings, we hold that the trial court properly applied as the measure of damages the difference in value of the damaged car immediately prior to and immediately after the collision.

The alternate measure which could be applied under the jury findings would be to add the reasonable cost of repairs, $2223.00 to the amount of depreciation in value after such repairs (if they had been made), $1440.00. American Standard County Mut. Ins. Co. v. Barbee, supra. The total of these figures would almost equal the original value of the car, and would exceed the before and after difference and consequently the amount of the judgment, and appellant does not contend that this is the proper measure of appellee's loss.

We have considered, without specifically mentioning them, all of appellant's points of error, and overrule each of them.

As conceded by appellee in her brief, the judgment of the trial court failed to allow to appellant the benefit of the $50.00 deductible provision contained in the policy. The judgment will be reformed to allow for this provision, and the amount of the judgment will be reduced by the sum of $50.00, so as to provide for the recovery by appellee from appellant of the sum of $3190.00, with interest and costs as provided in the decree. The costs of appeal will be assessed against the parties as follows: 80% against appellant, and 20% against appellee.

Judgment reformed and affirmed.