784 So.2d 472 (2001)
Aigars REZEVSKIS, individually and as representative of all persons similarly situated, Appellant,
v.
The ARIES INSURANCE CO., Appellee.
No. 3D00-1985.
District Court of Appeal of Florida, Third District.
March 14, 2001.
*473 De La Cruz & Cutler, P.A., and Albert Viener and H. Jeffrey Cutler, Coral Gables; Fleming & Associates, L.L.P., and Christopher A. Kesler, Houston, TX, and Bruce B. Kemp and Sylvia Davidow, for appellant.
Buckner & Shifrin, P.A., and Robin S. Buckner, Miami; Lauri Waldman Ross, Miami, and Theresa L. Girtin, for appellee.
Before GREEN, SHEVIN and SORONDO, JJ.
SHEVIN, Judge.
Aigars Rezevskis appeals a trial court order dismissing with prejudice his complaint for failure to state a cause of action. We affirm.
Rezevskis filed the action to recover under an auto insurance policy with The Aries Insurance Company for the diminished value of his car following damage resulting from Hurricane Irene. The Aries policy provides, in pertinent part:
Our limit of liability will be the lesser of:
1. The actual cash value of the stolen or damaged property less the applicable deductible shown in the Declarations, up to the limit of $35,000.
2. The amount necessary to repair or replace the property with other of the like, kind and quality.
(Emphasis added). Aries refused to pay that claim contending that the policy did not provide for diminished value coverage. We agree with Aries's contention.
An insurance policy governs the rights and obligations of the parties thereto, and the policy must be construed in terms of its plain meaning, where, as here, the policy is unambiguous. Florida Residential Prop. & Cas. Joint Underwriting Ass'n v. Kron, 721 So.2d 825 (Fla. 3d DCA 1998); American Mfrs. Mut. Ins. Co. v. Horn, 353 So.2d 565 (Fla. 3d DCA 1977), cert. denied, 366 So.2d 885 (Fla.1978).
In common usage, "repair" means "to restore by replacing a part or putting together what is torn or broken" or, stated slightly differently, "[t]o bring back to good or useable condition." There is no concept of "value" in the ordinary meaning of the word. Ascribing to the words "repair or replace" an obligation to compensate the insured for things which, by their very nature, cannot be "repaired" or "replaced" would violate the most fundamental rules of contract construction.
Carlton v. Trinity Universal Ins. Co., 32 S.W.3d 454, 464 (Tex.App.2000)(footnotes *474 omitted). Pursuant to the "repair or replace" limitation of liability in the Aries policy, the insurer's responsibility is limited to the amount necessary to return the car to substantially the same condition as before the loss. Nowhere does that obligation include liability for loss due to "a stigma on resale resulting from `market psychology' that a vehicle that has been damaged and repaired is worth less than a similar one that has never been damaged." Carlton, 32 S.W.3d at 465. The Aries policy's express provision that the insurer's responsibility is limited to the amount necessary to "repair or replace" permits no other reasonable interpretation. Thus, the diminished value resulting from damage not susceptible to repair or replacement does not fall within the insurer's obligation under the policy.
Rezevski's reliance on Arch Roberts & Co. v. Auto-Owners Ins. Co., 305 So.2d 882 (Fla. 1st DCA 1974), and Auto-Owners Ins. Co. v. Green, 220 So.2d 29 (Fla. 1st DCA 1969), is misplaced. The Arch Roberts court determined that the insurer fulfilled its policy obligation by offering to repair the car; the court did not obligate the insurer to compensate insured for "diminished value." In Green, the court held that an insured was not required to accept the proposed repairs and execute a release when there was a possibility of undisclosed damage to the vehicle and the release was not conditioned upon insurer's payment for such further repairs. Green merely decided the release issue; it did not address the issue before us.
Accordingly, we hold that the trial court properly dismissed the case as Aries is not responsible for the diminished value of insured's car.
Affirmed.