802 So.2d 424 (2001)
Barrett R. SMITH, Appellant,
v.
SUPERIOR INSURANCE COMPANY, Appellee.
No. 2D01-1213.
District Court of Appeal of Florida, Second District.
December 7, 2001.
John W. Gardner of John W. Gardner, P.A., Brandon, for Appellant.
Rex E. Delcamp and Cate MacGlashan of Delcamp & Siegel, St. Petersburg, for Appellee.
ALTENBERND, Acting Chief Judge.
Barrett R. Smith appeals a county court order that granted Superior Insurance Company a summary judgment. The judgment denies Mr. Smith's claim against the insurance company for the diminished value of his automobile after it was damaged in an accident and repaired at Superior Insurance Company's expense. The county court certified the following question of great public importance:
IS AN INSURER UNDER A PERSONAL AUTOMOBILE INSURANCE POLICY THAT PROVIDES COLLISION COVERAGE FOR REPAIR OR REPLACEMENT OF THE INSURED VEHICLE, BUT WHICH IS SILENT WITH REGARD TO THE PAYMENT FOR DIMINISHED VALUE OF A REPAIRED VEHICLE, REQUIRED TO COMPENSATE ITS INSURED FOR ANY DIMINISHED VALUE TO THE REPAIRED, INSURED VEHICLE?
We accepted jurisdiction. See Fla. R.App. P. 9.030(b)(4)(A). At least in the context of the facts in this case, we answer the certified question in the negative and affirm the summary judgment.
In December 1995, Mr. Smith's vehicle was damaged in a collision. At the time, Mr. Smith's vehicle was insured by Superior Insurance Company. The insurance policy provided in pertinent part:
Part DCOVERAGE FOR DAMAGE TO YOUR AUTO INSURING AGREEMENT

*425 A. We will pay for direct and accidental loss to "your covered auto" ... minus any applicable deductible shown in the declarations. We will pay for loss to "your covered auto" caused by:
. . . .
2. "Collision" only if the Declarations indicate that Collision Coverage is provided for that auto.
. . . .
LIMIT OF LIABILITY
A. Our limit of liability for loss will be the lesser of the:
1. Actual cash value of the stolen or damaged property; or
2. Amount necessary to repair the vehicle subject to a maximum of 80% of the actual cash value or replace the property.
. . . .
PAYMENT OF LOSS
We may pay for loss in money or repair or replace the damaged or stolen property.
The Declarations indicated that the policy provided "COLLISION LOSS ACV MINUS $500 DEDUCTIBLE."
Superior Insurance Company paid for the repair of Mr. Smith's vehicle. Mr. Smith does not dispute the quality of the repair and admits that the repair is "excellent." However, Mr. Smith argues that despite the repair, the vehicle has a diminished value as an inherent result of being damaged in a collision. He therefore submitted a claim to Superior Insurance Company for the diminished value of his vehicle.
When Superior Insurance Company denied the claim, Mr. Smith brought suit in county court to recover the amount of the diminished value of his vehicle. The county court granted Superior Insurance Company summary judgment, finding that Superior Insurance Company had fully performed its obligations under the insurance contract when it paid the cost necessary to repair Mr. Smith's vehicle to substantially the same condition as it was in prior to the accident.
Two other district courts, reviewing similarly worded insurance policies, have addressed this issue and have concluded that the plain language of the policies did not provide coverage for the diminished value of a repaired automobile. See Siegle v. Progressive Consumers Ins. Co., 788 So.2d 355 (Fla. 4th DCA 2001); Rezevskis v. Aries Ins. Co., 784 So.2d 472 (Fla. 3d DCA 2001). We adopt the reasoning set forth in those two opinions and find that the insurance policy in this case did not require payment for the diminished value of Mr. Smith's fully repaired vehicle.
Affirmed.
NORTHCUTT and DAVIS, JJ., concur.