**Gary SCHAEFER, individually and as representative of all persons similarly situated, Appellant,**

v.

**AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, et al, Appellees.**

No. 09–01–024 CV.

Court of Appeals of Texas, Beaumont.

Submitted Sept. 20, 2001.

Decided Jan. 10, 2002.

Christopher A. Kesler, Bruce B. Kemp, Sylvia Davidow, George M. Fleming, D'Lisa R. Simmons, Anita Kawaja, Fleming & Associates, L.L.P., T. Gerald Treece,

South Texas College of Law, Houston, for appellant.

David A. Jones, Pamela G. Matthews, David R. Nelson, Jo Beth Eubanks, Akin, Gump, Strauss, Hauer & Feld, L.L.P., San Antonio, for appellees.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DON BURGESS, Justice.

Gary Schaefer filed a class action suit, on behalf of himself and as representative of all persons similarly situated, complaining of American Manufacturers Mutual Insurance Company (AMM), Kemper National Insurance Companies, Lumbermen's Mutual Casualty Company, American Motorists Insurance Company, and American Protection Insurance Company (defendants). Schaefer moved for partial summary judgment seeking a holding that the personal auto policies issued in Texas by the defendants cover diminished value as a matter of law. In their response to Schaefer's motion for partial summary judgment, AMM filed a cross-motion for summary judgment claiming Schaefer is not entitled to payment for diminished value, based upon a bulletin from the Texas Department of Insurance (TDI). Citing *Carlton v. Trinity Universal Ins. Co.*, 32 S.W.3d 454 (Tex.App.-Houston [14th Dist.] 2000, pet. denied), the trial court granted AMM's motion for summary judgment on the basis that Schaefer "is not entitled to recover 'diminution in value' from [AMM]." The trial court's order granting summary judgment in favor of AMM also denied Schaefer's motion for partial summary judgment and ordered "that Plaintiff's individual claims against all Defendants are dismissed with prejudice." However, the record does not reflect a motion for summary judgment was

filed on behalf of Kemper National Insurance Companies, Lumbermen's Mutual Casualty Company, American Motorists Insurance Company, or American Protection Insurance Company. Nor does the record reflect an order granting a severance was entered. Accordingly, we address the merits of Schaefer's appeal only as to AMM.[1]

Schaefer appeals complaining of the trial court's grant of summary judgment in favor of AMM and the trial court's denial of his motion for partial summary judgment. The sole issue to be resolved is whether, under AMM's policy, Schaefer is entitled to claim damages for diminution in value.

This court has previously addressed this issue. In *Smith v. American Fire & Cas. Co.,* 242 S.W.2d 448, 453 (Tex.Civ.App.-Beaumont 1951, no writ),[2] there was evidence that the repairs did not restore the vehicle to the market value which it had immediately prior to the collision. There was testimony indicating that a dealer who purchased the vehicle for resale would expect to sell the vehicle for a sum materially less than he would expect to get for a similar car which had not been damaged. *Id.* This court noted,

> The meaning of the words repair and replace which are used in the policy includes a restoration of the automobile to substantially the same condition in which it was immediately prior to the collision, and it would not be restored to this condition if the repairs left the market value of the repaired vehicle substantially less than the market value

immediately before the collision. According to the evidence, repairs made with new parts did not accomplish this result.... Thus, under the proof, the limitation of liability relied on by defendant never came into operation.

*Id.* at 453–54.

Neither *Smith* nor the cases cited therein have been overruled by the Texas Supreme Court. *See Higgins v. Standard Lloyds,* 149 S.W.2d 143 (Tex.Civ.App.-Galveston 1941, writ dism'd)(op. on reh'g); *Bankers & Shippers Ins. Co. of New York v. Ellis Green Motor Co.,* 102 S.W.2d 294 (Tex.Civ.App.-El Paso 1937, writ dism'd); *Home Ins. Co. v. Ketchey,* 45 S.W.2d 350 (Tex.Civ.App.-Waco 1931, no writ); and *Automobile Underwriters v. Radford,* 293 S.W. 869 (Tex.Civ.App.-Dallas, writ granted), *aff'd,* 299 S.W. 852 (Tex.Com.App. 1927). Other cases, not cited in *Smith,* also support the *Smith* decision. *See Mutual Fire & Auto. Ins. Co. v. Muckelroy,* 236 S.W.2d 555, 557 (Tex.Civ.App.-San Antonio 1951, no writ); *Roberdeau v. Indemnity Ins. Co. of N. Am.,* 231 S.W.2d 948, 951 (Tex.Civ.App.-Austin 1950, writ ref'd n.r.e.); *American Indem. Co. v. Jamison,* 62 S.W.2d 197, 198 (Tex.Civ.App.-Texarkana 1933, no writ); and *Standard Accident Ins. Co. of Detroit v. Richmond,* 297 S.W. 879 (Tex.Civ.App.-Texarkana 1927, writ dism'd).

We note that *Carlton* cites *Roberdeau* for its disagreement that the measure of damages was the difference in the reasonable cash market value of the automobile immediately before and after the collision.

---

1. "[T]he language of an order or judgment *can* make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties." *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 200 (Tex.2001)(emphasis theirs). If the intent to finally dispose of the case is clear, "then the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment." *Id.* However erroneously, the trial court's order does actually dispose of every pending claim and party. *See id.* at 205. "Granting more relief than the movant is entitled to makes the order reversible, but not interlocutory." *Id.* at 204.

2. Both of AMM's briefs fail to address *Smith.*

*See Carlton,* 32 S.W.3d at 462 (quoting *Roberdeau,* 231 S.W.2d at 951). However, in *Roberdeau,* the trial court found the repairs made did not restore the automobile to the same or as good condition as it was in immediately prior to the collision. *Roberdeau,* 231 S.W.2d at 951. The Austin Court of Appeals concluded the insurer was "liable for damages to the automobile to the extent of its actual cash value, and is obligated to either repair or replace the damaged part (or the automobile), with another of like kind and quality, allowing a deduction for depreciation. Privileged, however, to exercise its option of paying for the loss in money or making the repairs or replacements." *Id.* The court noted that "[t]he mere fact that the automobile was repaired to the extent that it was used for the same purpose for which it was used prior to the collision would not discharge appellee's liability because appellant has the right to claim full compensation for his loss to the limit fixed by the policy." *Id.* The court disagreed that the measure of damages was the difference in the reasonable cash market value of the automobile immediately before and after the collision noting that it was a fact issue as to whether or not the repairs do or do not restore the automobile to its former condition. *Id.* The court then reversed and remanded the case "to further develop the facts as to appellant's damage...." We strongly disagree that *Roberdeau* supports a holding that diminished value cannot be recovered, "as a matter of law."

Since our decision in *Smith,* the following cases have been decided and support our precedent. *See Northwestern Nat'l Ins. Co. v. Cope,* 448 S.W.2d 717, 719 (Tex. Civ.App.-Corpus Christi 1969, no writ); *Queen Ins. Co. v. Dominguez,* 426 S.W.2d 286, 288–90 (Tex.Civ.App.-San Antonio 1968), *rev'd on other grounds, Superior Pontiac Co. v. Queen Ins. Co. of Am.,* 434 S.W.2d 340, 341 (Tex.1968); *Calvert Fire Ins. Co. v. McClintic,* 267 S.W.2d 568 (Tex. Civ.App.-Waco 1954, writ ref'd n.r.e.); *American Standard County Mut. Ins. Co. v. Barbee,* 262 S.W.2d 122, 123–24 (Tex. Civ.App.-Fort Worth 1953, no writ); and *Stuyvesant Ins. Co. v. Driskill,* 244 S.W.2d 291, 292–93 (Tex.Civ.App.-Fort Worth 1951, no writ). Of special note is the decision by the Supreme Court of Texas in *Superior Pontiac Co. v. Queen Ins. Co. of America,* where in this case, the plaintiff introduced evidence that the repair sum tendered by the insurer would not compensate her for the loss suffered. *Id.* at 341–42. The jury found the reasonable cash market value of the automobile prior to its being damaged to have been $2,875; that its reasonable cash market value after the damaging was $750; and that its reasonable cash market value after the repairs was $1,900. *Id.* at 342. The court found there was evidence to support these findings "from which it follows that the repair sum tendered by [insurer] would not compensate [plaintiff] for the loss she had suffered." *Id.*

More recent is the case of *Fidelity & Cas. Co. of New York v. Underwood,* 791 S.W.2d 635 (Tex.App.-Dallas 1990, no writ). Here, the court upheld the jury's finding that Fidelity had breached a material obligation of the insurance policy. Fidelity offered $3,509.08 for repairs but there was evidence the market value of the truck prior to loss was $10,000 and only $3,500 in repaired condition after loss. *Id.* at 638, 643. The court noted "[t]he record indicates that once the vehicle is restored it will not be of substantially the same value as that of the vehicle prior to the loss." *Id.* at 643.

In accordance with this long history of permitting a plaintiff to seek damages for diminished value, we must disagree with the *Carlton* court and adhere to

the established law. None of the cases prior to *Carlton* treated the issue of diminution in value as "a matter of law." It was an issue of fact; it was to be decided by a jury as to whether the repairs did (or could) restore the automobile to substantially the same condition and value it had before the injury. If not, damages for diminution of value are appropriate. This does not make the insurer's election meaningless. The actual market value of the vehicle before injury may be considerably less than the cost of repairs plus the loss of market value; or the actual market value may be more than the cost of repairs plus the loss of market value.

Accordingly, we hold the trial court erred in granting summary judgment on the basis that as a matter of law Schaefer could not recover for diminished value. For all the reasons set forth above, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.