Julia SMITHER, Individually and as Representative of All Persons Similarly Situated, Appellants,

v.

**PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY,**
Appellee.

No. 14–01–00064–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 25, 2002.

diminished value of an insured vehicle following adequate and complete repair of the damaged vehicle? Two distinct lines of authority have emerged on the issue. Following precedent from this court, we find that under the unambiguous terms of the auto insurance policy, the insurer has no obligation to pay inherent diminished value after adequate and complete repairs. We affirm the trial court's summary judgment in favor of the insurer.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Julia Smither purchased a standard Texas Personal Automobile Insurance Policy from appellee Progressive County Mutual Insurance Company. During the policy period, Smither was involved in a traffic accident that damaged her car. Smither's car was repaired to its pre-accident condition and to Smither's full satisfaction. Progressive paid the costs of the repairs less the deductible. Although Smither does not challenge the adequacy or quality of the repairs, she alleges the value of her automobile was diminished as a result of the loss and that Progressive is obligated to pay this diminution in value under the terms of the insurance policy.

Smither filed an individual claim against Progressive as well as a class-action lawsuit as proposed class representative of all similarly-situated Progressive insureds. In her suit, Smither alleged Progressive owed her the difference between the pre-accident value of her insured automobile and its value after being properly and adequately repaired. She claims Progressive is obligated to pay this inherent diminished value because it is a loss covered under her auto insurance policy. Smither filed a motion for partial summary judgment on this coverage issue. A few months later, Progressive filed a cross-motion for summary judgment on the ground that inherent diminished value is

Anita F. Kawaja, Christopher A. Kesler, Jon T. Powell, Reagan M. Brown, Houston, for appellants.

Sylvia Davidow, Houston, for appellees.

Panel consists of Chief Justice BRISTER and Justices ANDERSON and FROST.

## OPINION

KEM THOMPSON FROST, Justice.

This case presents an insurance coverage issue courts throughout the country are addressing: *Is an insurer obligated to pay a first party claim for the inherent*

not a loss covered under the policy and that it had satisfied its contractual obligations to Smither by paying for the cost of repairs less the deductible. Before deciding whether to certify this suit as a class action, the trial court granted summary judgment in favor of Progressive and denied Smither's motion for partial summary judgment.

## II. ISSUES PRESENTED ON APPEAL

In three issues, Smither contends the trial court erred in granting summary judgment for Progressive and in denying her motion for partial summary judgment.[1] Specifically, she challenges the trial court's ruling that Progressive is not obligated to pay for the diminished value of her vehicle under the standard Texas Personal Automobile Insurance Policy.

## III. STANDARD OF REVIEW

In reviewing a traditional motion for summary judgment, we take as true all evidence favorable to the non-movant, and we make all reasonable inferences in the non-movant's favor. *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 222 (Tex.1999). If the movant's motion and summary judgment proof facially establish its right to judgment as a matter of law, the burden shifts to the non-movant to raise a material fact issue sufficient to defeat summary judgment. *Id.*

## IV. ANALYSIS

There is a split of authority, both in Texas and around the country, on the extent of an insurer's obligation to pay a first party claim for the diminished value of an insured's damaged automobile after full, complete, and adequate repairs. We addressed this precise issue in *Carlton v. Trinity Universal Insurance Company,* where we held that inherent diminished value is not recoverable under the standard Texas Personal Automobile Insurance Policy. 32 S.W.3d 454, 465 (Tex. App.-Houston [14th Dist.] 2000, pet. denied). We further held that "if the market value of the vehicle, after full, adequate, and complete repair or replacement, is diminished as a result of factors that are not subject to 'repair' or 'replacement,' the insurer has no obligation to pay the diminution in value." *Id.* Under *Carlton,* the "repair or replace" limitation of liability under the Texas Personal Automobile Insurance Policy[2] is the amount necessary to return the damaged vehicle to substantially the same physical, operating, and mechanical condition as existed immediately before the loss, and this amount does not include any loss of inherent diminished value. *Id.* Smither acknowledges that the issue she presents for review is identical to

---

1. Because Smither's motion was a motion for partial summary judgment, the trial court's ruling on that motion is not before us. *See CU Lloyd's of Texas v. Feldman,* 977 S.W.2d 568, 569 (Tex.1998).

2. Smither's insurance policy covers "direct and accidental loss to [her] covered auto, including its equipment less any applicable deductible shown in the Declarations." It provides further that Progressive may discharge its liability under the policy by paying for the loss in money or by repairing or replacing damaged or stolen property. Progressive's obligations under the policy, how-

ever, are subject to a contractual limitation of liability. This limitation-of-liability provision reads in pertinent part: "Our limit of liability for loss will be the lesser of the: 1. Actual cash value of the stolen or damaged property; 2. Amount necessary to repair or replace the property with other of like kind and quality; or 3. Amount stated in the Declarations of this policy." Progressive elected the second option, i.e., to pay the "[a]mount necessary to repair or replace the property with other of like kind and quality." This is the same language that was at issue in *Carlton.* *See Carlton,* 32 S.W.3d at 460.

the one addressed in *Carlton*. Nevertheless, she urges this court to take a closer look at its prior opinion and find that it was wrongly decided.

Until very recently, this court was the only Texas court to have addressed this precise issue in construing the language of the standard Texas Personal Automobile Insurance Policy. Earlier this year, the Ninth Court of Appeals in Beaumont confronted the identical issue in *Schaefer v. American Manufacturers Mutual Insurance Company* and reached the opposite result, reversing the trial court's grant of summary judgment in favor of the insurance company. 65 S.W.3d 806 (Tex.App.-Beaumont 2002, Rule 53.7(f) pet. filed). Rejecting this court's analysis in *Carlton*, the *Schaefer* court disagreed that the issue of diminution in value could be treated "as a matter of law" and instead concluded that a jury must decide "whether the repairs did (or could) restore the automobile to substantially the same condition and value it had before the injury." *Schaefer*, 65 S.W.3d at 810. The *Schaefer* court

further held that if the repairs could not restore the vehicle to substantially the same condition *and value*, then damages for diminution of value are appropriate. *Id.*

The Beaumont Court of Appeals based its analysis on its half-century-old-case, *Smith v. American Fire & Casualty Company*, 242 S.W.2d 448 (Tex.Civ.App.-Beaumont 1951, no writ), in which the insurer argued that, under the terms of the policy then in effect, it was "not liable for the loss in market value but was liable only for what it would have cost to repair the automobile with parts of like kind and quality as the parts damaged." *Id.* at 452. Rather than focus on the language of the insurance policy at issue in the case and apply principles of contract law to reach its conclusion, the Beaumont Court of Appeals relied on cases it had cited in *Smith* as well as a number of cases that this court distinguished in *Carlton*.[3] *See Schaefer*, 65 S.W.3d at 808. Many of these cases are distinguishable because: (1) they relied on tort principles rather than contract principles;[4] and/or (2) unlike the claims at issue

---

3. The *Schaefer* court relied upon the following cases: *N.W. Nat'l Ins. Co. v. Cope*, 448 S.W.2d 717, 719 (Tex.Civ.App.-Corpus Christi 1969, no writ); *Queen Ins. Co. v. Dominguez*, 426 S.W.2d 286, 288–90 (Tex.Civ.App.-San Antonio 1968), *rev'd on other grounds, Superior Pontiac Co. v. Queen Ins. Co. of Am.*, 434 S.W.2d 340, 341 (Tex.1968); *Calvert Fire Ins. Co. v. McClintic*, 267 S.W.2d 568 (Tex.Civ. App.-Waco 1954, writ ref'd n.r.e.); *Am. Std. County Mut. Ins. Co. v. Barbee*, 262 S.W.2d 122, 123–24 (Tex.Civ.App.-Fort Worth 1953, no writ), *rev'd on other grounds by Luna v. North Star Dodge Sales, Inc.*, 667 S.W.2d 115 (Tex.1984); *Stuyvesant Ins. Co. v. Driskill*, 244 S.W.2d 291, 292–93 (Tex.Civ.App.-Fort Worth 1951, no writ); *Mut. Fire & Auto. Ins. Co. v. Muckelroy*, 236 S.W.2d 555, 557 (Tex.Civ. App.-San Antonio 1951, no writ); *Roberdeau v. Indem. Ins. Co. of N. Am.*, 231 S.W.2d 948, 951 (Tex.Civ.App.-Austin 1950, writ ref'd n.r.e.); *Higgins v. Standard Lloyds*, 149 S.W.2d 143 (Tex.Civ.App.-Galveston 1941, writ dism'd) (op. on reh'g); *Bankers & Ship-*

*pers Ins. Co. of N.Y. v. Ellis Green Motor Co.*, 102 S.W.2d 294 (Tex.Civ.App.-El Paso 1937, writ dism'd); *Am. Indem. Co. v. Jamison*, 62 S.W.2d 197, 198 (Tex.Civ.App.-Texarkana 1933, no writ); *Home Ins. Co. v. Ketchey*, 45 S.W.2d 350 (Tex.Civ.App.-Waco 1931, no writ); *Auto. Underwriters v. Radford*, 293 S.W. 869 (Tex.Civ.App.-Dallas), *aff'd*, 299 S.W. 852 (Tex.Com.App.1927); *Standard Accident Ins. Co. of Detroit v. Richmond*, 297 S.W. 879 (Tex.Civ.App.-Texarkana 1927, writ dism'd).

4. *See, e.g., Higgins v. Standard Lloyds*, 149 S.W.2d 143 (Tex.Civ.App.-Galveston 1941, writ dism'd). Although deciding coverage under the insurance policy, the *Higgins* court did not engage in an analysis of the contract language but instead recited the tort measure of damages to personal property, i.e. "[t]he difference between its reasonable market value at the time and place of its injury immediately before its injury and its value immediately after the injury." *Id.* at 147. In stating

in *Carlton, Schaefer,* and this case, they involved repair-related claims for diminished value or the actual-cash-value limitation of liability due to insurance-claims practices or the insurer's election under the limitation-of-liability provision.[5]

It is apparent from a review of diminished value cases that diminished value claims take various forms and can arise under a number of scenarios. For example, diminished value claims can result from improper, faulty, or inferior repairs.[6] Diminished value claims may also arise if the insurer elects to repair the vehicle when it should instead declare it a total loss.[7] Neither the claims in *Carlton* and *Schaefer* nor the claim Smither makes in this case involve these types of diminished value claims. The claimants in these cases made no complaint about the adequacy or quality of the repairs, nor did they claim to have suffered loss of vehicle market value due to insurance-claims practices or a failure to provide for proper repairs. Rather, their claims relate solely to inherent or perceived diminished value—that is, the consumer's perception that a damaged and repaired vehicle is not as valuable as the same vehicle that has never been dam-

aged. This form of diminished value exists regardless of the quality or adequacy of the repair work and is based on the notion that the vehicle will never regain its pre-loss value, even after proper and adequate repair. Even though *Schaefer* did not involve repair or insurance-related diminished value, the *Schaefer* court relied on several cases that involved these types of diminished value claims and ultimately based its decision on a "long history of permitting a plaintiff to seek damages for diminished value." *Schaefer,* 65 S.W.3d at 808 (citations omitted).

The *Schaefer* court did not undertake a contract analysis or address the meaning of the policy language. *See id.* (noting "none of the cases prior to *Carlton* treated the issues as 'a matter of law' "). In *Carlton,* this court applied a pure contract analysis in deciding whether diminished value was a covered loss under the unambiguous terms of the standard Texas Personal Automobile Insurance Policy. Focusing on the ordinary meaning of the policy language, we held the "repair or replace" limitation of liability under the Texas Personal Automobile Insurance Pol-

---

that post-repair reduction in value could be recovered, the *Higgins* court cited cases involving tort, not contractual, measures of recovery. *Id.*

5. *See Superior Pontiac Co. v. Queen Ins. Co. of Am.,* 434 S.W.2d 340, 341–42 (Tex.1968) (stating that, the loss of actual cash value limitation of liability applied, where insurer did not properly trigger the "repair or replace" limitation of liability because it repaired the insured's car without her consent, the repairs were not satisfactory, and the insurance company refused to return the car to the insured unless she signed a full release); *Stuyvesant Ins. Co. v. Driskill,* 244 S.W.2d 291, 292–93 (Tex.Civ.App.-Fort Worth 1951, no writ) (holding that loss of actual cash value was the proper measure of damages where insurance company did not exercise its option to repair or replace).

6. *See, e.g., Am. Std. County Mut. Ins. Co. v. Barbee,* 262 S.W.2d 122, 123–24 (Tex.Civ. App.-Fort Worth 1953, no writ), *rev'd on other grounds by Luna v. North Star Dodge Sales, Inc.,* 667 S.W.2d 115 (Tex.1984) (finding more than twenty items on insured's vehicle were repaired improperly or not repaired at all, court concluded repairs did not restore the car to its former condition and value); *Roberdeau v. Indem. Ins. Co. of N. Am.,* 231 S.W.2d 948, 951–52 (Tex.Civ.App.-Austin 1950, writ ref'd n.r.e.) (finding some repairs made but additional repairs could have restored vehicle to same or as good condition).

7. *See, e.g., Fid. & Cas. Co. of N.Y. v. Underwood,* 791 S.W.2d 635, 643–45, 647 (Tex. App.-Dallas 1990, no writ) (finding insured's truck was incapable of being repaired because it was flood damaged).

icy is the amount necessary to return the damaged vehicle to substantially the same physical, operating, and mechanical condition as existed immediately before the loss. *Carlton*, 32 S.W.3d at 464–65. Thus, we concluded that, having restored the damaged automobile to its pre-accident condition, the insurer was not required to also compensate its insured for any remaining inherent diminution in value. *Id.* at 465. Because the issue is one of contract interpretation, we believe this case, like *Carlton*, must be decided based on the unambiguous terms of the policy language as a matter of law, and thus we respectfully disagree with the *Schaefer* court.

Moreover, we note that since our decision in *Carlton*, several other jurisdictions have addressed the same issue and found *Carlton* persuasive. *See Pritchett v. State Farm Mut. Ins. Co.*, 2002 WL 254007, at *4–5 (Ala.Ct.App. Feb. 22, 2002) (applying contract law and finding under unambiguous "repair or replace" language of insurance policy, the insurer is not required to restore automobile's value); *Lupo v. Shelter Mut. Ins. Co.*, 70 S.W.3d 16, 22 (Mo.Ct. App.2002) (applying contract principles and holding policy did not require insurer to pay for diminished value of adequately repaired car); *O'Brien v. Progressive N. Ins. Co.*, 785 A.2d 281, 290 (Del.Super.Ct.2001) (applying contract law and holding that, under "repair or replace" provision, insurer is obligated to repair or replace vehicle parts only to extent necessary to return automobile to substantially same physical, operating, and mechanical condition as before covered incident); *Siegle v. Progressive Consumers Ins. Co.*, 788 So.2d 355, 360 (Fla.Dist.Ct.App.2001) (noting issue as one of contract interpretation and following *Carlton's* interpretation of "repair or replace"); *Rezevskis v. Aries Ins. Co.*, 784 So.2d 472, 473 (Fla.Dist.Ct. App.2001) (adopting *Carlton's* rationale of interpreting meaning of the insurance poli-

cy); *Townsend v. State Farm Mut. Auto. Ins. Co.*, 793 So.2d 473, 480 (La.Ct.App. 2001) (holding "repair or replace" means same physical and operating condition as before accident and "any other interpretation would pervert the plain meaning of the limit of liability provision, which includes no reference to diminished value or restoration of value and no promise to make the insurer whole"). Very recently, the Fifth Circuit, in *Manguno v. Prudential Property and Casualty Insurance Company* relied on the two Louisiana cases that applied the *Carlton* analysis and held *"Townsend* and *Campbell* guide this Court's *Erie* guess that the Louisiana Supreme Court would also find that the 'repair or replace' language in [the insured's] policy limits [the insurer's] liability to the cost of the actual and appropriate restoration of her car only, and it is not required to compensate her for the car's diminished value." 276 F.3d 720, 725 (5th Cir.2002). Not long after, the Louisiana Supreme Court decided not to review a lower court's ruling that rejected the notion that insurers are required to pay for inherent diminished value. *See Campbell v. Markel Am. Ins. Cos.*, 805 So.2d 204 (La.2002). Intermediate appellate courts in other states also have followed cases from their sister courts that relied on *Carlton*. *See Wildin v. Am. Family Mut. Ins.*, 249 Wis.2d 477, 638 N.W.2d 87, 89 (Ct.App.2001) (interpreting language of insurance policy to find diminished value not covered where all necessary repairs to vehicle were made); *Smith v. Superior Ins. Co.*, 802 So.2d 424 (Fla.App.Ct.2001) (following and adopting decisions in *Siegle* and *Rezevskis* ); *but see State Farm Mut. Automobile Ins. Co. v. Mabry*, 274 Ga. 498, 556 S.E.2d 114 (2001) (holding that insurer was required to pay diminution in value of automobile even where adequacy of repairs was not in issue; court noted that "Geor-

gia has been consistent in interpreting the physical damage coverage of automobile insurance policies to require that *the insured be made whole, basing the measure of damages on the value of the vehicle."* [emphasis added] ).

### V. CONCLUSION

Smither cannot recover inherent diminished value under the unambiguous terms of the standard Texas Personal Automobile Insurance Policy as a matter of law. *See Carlton,* 32 S.W.3d at 465. Accordingly, the trial court properly granted summary judgment in Progressive's favor. We overrule Smither's issues and affirm the trial court's judgment.