STATE AND COUNTY MUTUAL FIRE
INSURANCE COMPANY,
Appellant,

v.

Santos MACIAS and Patricia
M. Macias, Appellees.

No. 13–01–284–CV.

Court of Appeals of Texas,
Corpus Christi.

July 25, 2002.

Boris A. Hidalgo, Charles J. Cain, Thompson Knight Brown Parker & Leahy, Houston, Gary L. Gurwitz, Atlas & Hall, McAllen, James R. Leahy, Brown, Parker & Leahy, Richard W. Bass, Thompson & Knight, Robert L. Galloway, Houston, for Appellant.

Anita Kawaja, Claude R. Treece, Sewell & Riggs, Houston, David Casso, Flores, Casso & Pettitt, L.L.P., Frank Rodriguez, McAllen, George M. Fleming, Houston, Keith M. Jensen, Fort Worth, Sylvia Davidow, T. Gerald, Treece, South Texas College of Law, Houston, for Appellees.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

## OPINION

Opinion by Justice RODRIGUEZ.

Appellant, State & County Mutual Fire Insurance Company, brings this appeal following the trial court's granting of a partial summary and declaratory judgment in favor of appellees, Santos and Patricia Macias. By one issue, appellant contends the trial court erred in granting appellees' motion for summary and declaratory judgment because appellant's personal auto policies issued ᵇin Texas do not cover "inherent diminished value" as a matter of law. We affirm.

## I. FACTS

Appellees purchased a standard automobile insurance policy[1] from appellant covering their 1997 Pontiac Grand Prix automobile (vehicle). During their policy period, an uninsured driver struck appellees' vehicle. The vehicle was inspected by appellant who determined the vehicle could be repaired for $874.84. Appellant paid the full amount of repairs, less the $250.00 deductible. The amount paid by appellant did not include the "inherent diminished value."[2]

---

1. The Texas State Board of Insurance promulgates a standard policy form for use by automobile insurers in Texas. *See* TEX. INS. CODE ANN. art. 5.06(1) (Vernon 1981).

2. Both parties define "inherent diminished value" as the difference between the pre-loss value of a vehicle and its value after proper repairs.

Appellees subsequently filed a class action[3] against appellant alleging it breached its insurance contract by not compensating them and similarly situated policy holders for the diminished value of their vehicles. Appellees moved for partial summary and declaratory judgment against appellant, seeking a ruling that appellant's standard auto policy covers diminished value. Appellant then filed a cross-motion for summary judgment, asserting that its policy did not require payment of diminished value. The trial court granted appellees' motion, denied appellant's motion, and severed appellees' summary and declaratory judgment into a separate cause. This appeal ensued.

## II. STANDARD

■■ We review declaratory judgments under the same standards as other judgments and decrees, *see FDIC v. Projects Am. Corp.*, 828 S.W.2d 771, 772 (Tex. App.-Texarkana 1992, writ denied), looking to the procedure used to resolve the issue at trial to determine the standard of review on appeal. *See Roberts v. Squyres*, 4 S.W.3d 485, 488 (Tex.App.-Beaumont 1999, pet. denied); *City of Galveston v. Giles*, 902 S.W.2d 167, 170–71 (Tex.App.-Houston [1st Dist.] 1995, no writ). Here, because the case was resolved by competing motions for summary judgment, we review the propriety of the declaratory judgment under the standards applied to summary judgments. *See Unauthorized Practice of Law Comm. v. Jansen*, 816 S.W.2d 813, 814 (Tex.App.-Houston [14th Dist.] 1991, writ denied) (case submitted on agreed statement and on motion for summary judgment).

■■ A party moving for summary judgment must conclusively prove all elements of its cause of action or defense as a matter of law. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001) (citing Tex.R. Civ. P. 166a(c)). The issue on appeal is whether the movant met its summary judgment burden by establishing no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). When both sides move for summary judgment and the trial court grants one motion and denies the other, the appellate court should review both parties' summary judgment evidence and determine all questions presented. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex.2000). The appellate court should render the judgment that the trial court should have rendered. *Id.* Before we may reverse summary judgment for one party and render judgment for the other party, however, both parties must have sought final judgment relief in their cross motions for summary judgment. *CU Lloyd's of Tex. v. Feldman*, 977 S.W.2d 568, 569 (Tex.1998). When the relief sought is a declaratory judgment, an appellate court may render judgment on liability alone. *Id.*

## III. APPLICABLE LAW

■■ We interpret insurance policies in accordance with the rules of general contract construction. *See Tex. Farmers Ins. Co. v. Murphy*, 996 S.W.2d 873, 879 (Tex.1999); *Kelley–Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998). Our primary goal is to give effect to the intent of the parties as expressed in the agreement. *Balandran v. Safeco Ins. Co. of Am.*, 972 S.W.2d 738, 741 (Tex.1998).

---

**3.** The trial court granted the summary judgment before reaching the class certification issue.

Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered. *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.,* 940 S.W.2d 587, 589 (Tex.1996). A contract is unambiguous if it can be given a definite or certain legal meaning. *Id.; Gen. Agents Ins. Co. v. Arredondo,* 52 S.W.3d 762, 766 (Tex.App.-San Antonio 2001, pet. denied). If, however, the insurance policy is subject to one or more reasonable interpretations, it is ambiguous and the interpretation that most favors coverage for the insured will be adopted. *Nat'l Union Fire Ins. Co. v. Hudson Energy Co.,* 811 S.W.2d 552, 555 (Tex.1991); *Admiral Ins. Co. v. Rio Grande Heart Specialists of S. Tex., Inc.,* 64 S.W.3d 497, 502 (Tex.App.-Corpus Christi 2001, no pet. h.). Only where a contract is first determined to be ambiguous may the courts consider the parties' interpretation and admit extraneous evidence to determine the true meaning of the instrument. *Mescalero Energy, Inc. v. Underwriters Indem. Gen. Agency, Inc.,* 56 S.W.3d 313, 319 (Tex.App.-Houston [1st Dist.] 2001, pet. denied).

## IV. ANALYSIS

Appellant contends its standard automobile policy does not cover any diminished value of an insured's vehicle. Appellant's obligation under the policy is subject to Part D of the insurance policy. In Part D, under the heading "Limit of Liability," the policy provides, in pertinent part, "Our limit of liability for loss will be the lesser of the: 1. Actual cash value of the stolen or damaged property; 2. Amount necessary to repair or replace the property with other of like kind and quality; or 3. Amount stated in the Declarations of this policy." After appellant inspected appellees' vehicle, it elected the second option, to pay the "amount necessary to repair or replace the property with other of like kind and quality."

Appellant argues this policy language is unambiguous. However, looking at the plain language of the policy, we find it is unclear whether the language "repair or replace the property with other of like kind and quality" necessarily includes, or prohibits, the diminished value of the vehicle. *Compare Bailey v. Progressive County Mut. Ins. Co.,* 78 S.W.3d 708, 711 (Tex. App.-Dallas 2002, no pet. h.) (interpreting policy language of "repair" and "replace" to require restoration of vehicle to same value as that of vehicle prior to loss), *with Carlton v. Trinity Univ. Ins. Co.,* 32 S.W.3d 454, 461 (Tex.App.-Houston [14th Dist.] 2000, pet. denied) (holding definition of repair does not include concept of value). Concluding this language is ambiguous as a matter of law, *see New Ulm Gas, Ltd.,* 940 S.W.2d at 589, we are guided by *Northwestern Nat'l Ins. Co. v. Cope,* 448 S.W.2d 717, 719 (Tex.Civ.App.-Corpus Christi 1969, no writ) as to the meaning of "repair" and "replace" in an insurance policy. *See id.*

The words "repair" and "replace," in an automobile insurance policy, mean the "restoration of the automobile to substantially the same condition in which it was immediately prior to the collision; and it would not be restored to the same condition if the repairs left the market value of the automobile substantially less than the value immediately before the collision." *Id.; see, e.g., Schaefer v. Am. Mfrs. Mut. Ins. Co.,* 65 S.W.3d 806, 808 (Tex.App.-Beaumont 2002, no pet. h.) (citing *Smith v. Am. Fire & Cas. Co.,* 242 S.W.2d 448, 453 (Tex.Civ.App.-Beaumont 1951, no writ)). Thus, by electing to repair or replace a vehicle, the insurer is required not only to repair and replace any physical parts of the vehicle damaged, but also to restore

the vehicle to "substantially the same value as that of the vehicle prior to the loss." *See Bailey*, at 711; *Fid. & Cas. Co. of New York v. Underwood*, 791 S.W.2d 635, 641 (Tex.App.-Dallas 1990, no writ).

We are not persuaded by the *Carlton* court's analysis and subsequent holding that "if the market value of the vehicle, after full, adequate, and complete repair or replacement, is diminished as a result of factors that are not subject to 'repair' or 'replacement,' the insurer has no obligation to pay the diminution in value." *Carlton*, 32 S.W.3d at 465; *see Smither v. Progressive County Mut. Ins. Co.*, 76 S.W.3d 719, 721 (Tex.App.-Houston [14th Dist.] 2002, pet. filed). Whether or not a factor which makes a vehicle's value diminish is subject to repair is irrelevant. *See Bailey*, at 712 n. 3; *Cope*, 448 S.W.2d at 719. If, after repairs, the vehicle's value is diminished, we conclude the insurer must somehow restore the vehicle to substantially the same value as it was prior to the loss.[4] *See Bailey*, at 711; *Schaefer*, 65 S.W.3d at 810. Obviously, this can be done in any number of ways, including further repairs or by tendering an amount that equates to the difference in value. *See Schaefer*, 65 S.W.3d at 810; *Cope*, 448 S.W.2d at 719.

Having found the language in appellant's insurance policy ambiguous, and therefore, interpreting the policy in favor of the insured, *see Hudson Energy Co.*, 811 S.W.2d at 555, we conclude appellees are covered for diminished value under appellant's automobile policy. Accordingly, the trial court's judgment is affirmed.

---

4. Whether a vehicle has been so repaired or restored is generally a fact issue. *E.g., Bailey v. Progressive County Mut. Ins. Co.*, at 711 n. 1 (Tex.App.-Dallas 2002, no pet. h.); *Fid. & Cas. Co. of New York v. Underwood*, 791 S.W.2d 635, 641 (Tex.App.-Dallas 1990, no writ).