NUMBER 13-01-284-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


STATE AND COUNTY MUTUAL 

FIRE INSURANCE COMPANY, Appellant,


v.



SANTOS MACIAS AND PATRICIA M. MACIAS, Appellees.

___________________________________________________________________


On appeal from the 92nd District Court


of Hidalgo County, Texas.


__________________________________________________________________


O P I N I O N



Before Chief Justice Valdez and Justices Hinojosa and Rodriguez


Opinion by Justice Rodriguez



 Appellant, State & County Mutual Fire Insurance Company, brings this appeal
following the trial court's granting of a partial summary and declaratory judgment in
favor of appellees, Santos and Patricia Macias. By one issue, appellant contends the
trial court erred in granting appellees' motion for summary and declaratory judgment
because appellant's personal auto policies issued in Texas do not cover "inherent
diminished value" as a matter of law. We affirm.

I. FACTS


 Appellees purchased a standard automobile insurance policy (1) from appellant
covering their 1997 Pontiac Grand Prix automobile (vehicle). During their policy period,
an uninsured driver struck appellees' vehicle. The vehicle was inspected by appellant
who determined the vehicle could be repaired for $874.84. Appellant paid the full
amount of repairs, less the $250.00 deductible. The amount paid by appellant did not
include the "inherent diminished value." (2)

 Appellees subsequently filed a class action (3) against appellant alleging it 
breached its insurance contract by not compensating them and similarly situated policy
holders for the diminished value of their vehicles. Appellees moved for partial
summary and declaratory judgment against appellant, seeking a ruling that appellant's
standard auto policy covers diminished value. Appellant then filed a cross-motion for
summary judgment, asserting that its policy did not require payment of diminished
value. The trial court granted appellees' motion, denied appellant's motion, and
severed appellees' summary and declaratory judgment into a separate cause. This
appeal ensued.

II. STANDARD

 We review declaratory judgments under the same standards as other judgments
and decrees, see FDIC v. Projects Am. Corp., 828 S.W.2d 771, 772 (Tex.
App.-Texarkana 1992, writ denied), looking to the procedure used to resolve the issue
at trial to determine the standard of review on appeal. See Roberts v. Squyres, 4
S.W.3d 485, 488 (Tex. App.-Beaumont 1999, pet. denied); City of Galveston v.
Giles, 902 S.W.2d 167, 170-71 (Tex. App.-Houston [1st Dist.] 1995, no writ). Here,
because the case was resolved by competing motions for summary judgment, we
review the propriety of the declaratory judgment under the standards applied to
summary judgments. See Unauthorized Practice of Law Comm. v. Jansen, 816
S.W.2d 813, 814 (Tex. App.-Houston [14th Dist.] 1991, writ denied) (case submitted
on agreed statement and on motion for summary judgment).

 A party moving for summary judgment must conclusively prove all elements of
its cause of action or defense as a matter of law. Holy Cross Church of God in Christ
v. Wolf, 44 S.W.3d 562, 566 (Tex. 2001) (citing Tex. R. Civ. P. 166a(c)). The issue
on appeal is whether the movant met its summary judgment burden by establishing no
genuine issue of material fact exists and that the movant is entitled to judgment as a
matter of law. Tex. R. Civ. P. 166a(c); KPMG Peat Marwick v. Harrison County Hous.
Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999). When both sides move for summary
judgment and the trial court grants one motion and denies the other, the appellate
court should review both parties' summary judgment evidence and determine all
questions presented. FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872
(Tex. 2000). The appellate court should render the judgment that the trial court
should have rendered. Id. Before we may reverse summary judgment for one party
and render judgment for the other party, however, both parties must have sought final
judgment relief in their cross motions for summary judgment. CU Lloyd's of Tex. v.
Feldman, 977 S.W.2d 568, 569 (Tex. 1998). When the relief sought is a declaratory
judgment, an appellate court may render judgment on liability alone. Id.

III. APPLICABLE LAW

 We interpret insurance policies in accordance with the rules of general contract
construction. See Tex. Farmers Ins. Co. v. Murphy, 996 S.W.2d 873, 879 (Tex.
1999); Kelley-Coppedge, Inc. v. Highlands Ins. Co., 980 S.W.2d 462, 464 (Tex.
1998). Our primary goal is to give effect to the intent of the parties as expressed in
the agreement. Balandran v. Safeco Ins. Co. of Am., 972 S.W.2d 738, 741 (Tex.
1998). Whether a contract is ambiguous is a question of law for the court to decide
by looking at the contract as a whole in light of the circumstances present when the
contract was entered. Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd., 940
S.W.2d 587, 589 (Tex. 1996). A contract is unambiguous if it can be given a definite
or certain legal meaning. Id.; Gen. Agents Ins. Co. v. Arredondo, 52 S.W.3d 762, 766
(Tex. App.-San Antonio 2001, pet. denied). If, however, the insurance policy is
subject to one or more reasonable interpretations, it is ambiguous and the
interpretation that most favors coverage for the insured will be adopted. Nat'l Union
Fire Ins. Co. v. Hudson Energy Co., 811 S.W.2d 552, 555 (Tex. 1991); Admiral Ins.
Co. v. Rio Grande Heart Specialists of S. Tex., Inc., 64 S.W.3d 497, 502 (Tex.
App.-Corpus Christi 2001, no pet. h.). Only where a contract is first determined to
be ambiguous may the courts consider the parties' interpretation and admit extraneous
evidence to determine the true meaning of the instrument. Mescalero Energy, Inc. v.
Underwriters Indem. Gen. Agency, Inc., 56 S.W.3d 313, 319 (Tex. App.-Houston
[1st Dist.] 2001, pet. denied).

IV. ANALYSIS

 Appellant contends its standard automobile policy does not cover any diminished
value of an insured's vehicle. Appellant's obligation under the policy is subject to Part
D of the insurance policy. In Part D, under the heading "Limit of Liability," the policy
provides, in pertinent part, "Our limit of liability for loss will be the lesser of the: 1.
Actual cash value of the stolen or damaged property; 2. Amount necessary to repair
or replace the property with other of like kind and quality; or 3. Amount stated in the
Declarations of this policy." After appellant inspected appellees' vehicle, it elected the
second option, to pay the "amount necessary to repair or replace the property with
other of like kind and quality."

 Appellant argues this policy language is unambiguous. However, looking at the
plain language of the policy, we find it is unclear whether the language "repair or
replace the property with other of like kind and quality" necessarily includes, or
prohibits, the diminished value of the vehicle. Compare Bailey v. Progressive County
Mut. Ins. Co., No. 05-01-00822-CV, 2002 Tex. App. LEXIS 4105, at *5 (Dallas June
7, 2002, no pet. h.) (interpreting policy language of "repair" and "replace" to require
restoration of vehicle to same value as that of vehicle prior to loss), with Carlton v.
Trinity Univ. Ins. Co., 32 S.W.3d 454, 461 (Tex. App.-Houston [14th Dist.] 2000,
pet. denied) (holding definition of repair does not include concept of value). 
Concluding this language is ambiguous as a matter of law, see New Ulm Gas, Ltd.,
940 S.W.2d at 589, we are guided by Northwestern Nat'l Ins. Co. v. Cope, 448
S.W.2d 717, 719 (Tex. App.-Corpus Christi 1969, no writ) as to the meaning of
"repair" and "replace" in an insurance policy. See id.

 The words "repair" and "replace," in an automobile insurance policy, mean the
"restoration of the automobile to substantially the same condition in which it was
immediately prior to the collision; and it would not be restored to the same condition
if the repairs left the market value of the automobile substantially less than the value
immediately before the collision." Id.; see, e.g., Schaefer v. Am. Mfrs. Mut. Ins. Co.,
65 S.W.3d 806, 808 (Tex. App.-Beaumont 2002, no pet. h.) (citing Smith v. Am. Fire
& Cas. Co., 242 S.W.2d 448, 453 (Tex. Civ. App.-Beaumont 1951, no writ)). Thus,
by electing to repair or replace a vehicle, the insurer is required not only to repair and
replace any physical parts of the vehicle damaged, but also to restore the vehicle to
"substantially the same value as that of the vehicle prior to the loss." See Bailey,
2002 Tex. App. LEXIS 4105, at *5; Fid. & Cas. Co. of New York v. Underwood, 791
S.W.2d 635, 641 (Tex. App.-Dallas 1990, no writ).

 We are not persuaded by the Carlton court's analysis and subsequent holding
that "if the market value of the vehicle, after full, adequate, and complete repair or
replacement, is diminished as a result of factors that are not subject to 'repair' or
'replacement,' the insurer has no obligation to pay the diminution in value." Carlton,
32 S.W.3d at 465; see Smither v. Progressive County Mut. Ins. Co., No. 14-01-00064-CV, 2002 Tex. App. LEXIS 2941, *4 (Houston [14th Dist.] April 25, 2002,
pet. filed). Whether or not a factor which makes a vehicle's value diminish is subject
to repair is irrelevant. See Bailey, 2002 Tex. App. LEXIS 4105, at *9 n.3; Cope, 448
S.W.2d at 719. If, after repairs, the vehicle's value is diminished, we conclude the
insurer must somehow restore the vehicle to substantially the same value as it was
prior to the loss. (4) See Bailey, 2002 Tex. App. LEXIS 4105, at *6; Schaefer, 65
S.W.3d at 810. Obviously, this can be done in any number of ways, including further
repairs or by tendering an amount that equates to the difference in value. See
Schaefer, 65 S.W.3d at 810; Cope, 448 S.W.2d at 719.

 Having found the language in appellant's insurance policy ambiguous, and
therefore, interpreting the policy in favor of the insured, see Hudson Energy Co., 811
S.W.2d at 555, we conclude appellees are covered for diminished value under
appellant's automobile policy. Accordingly, the trial court's judgment is affirmed.

 

 NELDA V. RODRIGUEZ

 Justice


Publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 25th day of July, 2002.

 
1. The Texas State Board of Insurance promulgates a standard policy form for use by
automobile insurers in Texas. See Tex. Ins. Code Ann. art. 5.06(1) (Vernon 1981).
2. Both parties define "inherent diminished value" as the difference between the pre-loss
value of a vehicle and its value after proper repairs.
3. The trial court granted the summary judgment before reaching the class certification
issue.
4. Whether a vehicle has been so repaired or restored is generally a fact issue. E.g.,
Bailey v. Progressive County Mut. Ins. Co., No. 05-01-00822-CV, 2002 Tex. App. LEXIS
4105, at *6, n.1 (Dallas June 7, 2002, no pet. h.); Fid. & Cas. Co. of New York v.
Underwood, 791 S.W.2d 635, 641 (Tex. App.-Dallas 1990, no writ).